BARBARA MARTIN ET AL. *v.* TOWN OF
PLAINVILLE ET AL.
(15393)

Callahan, C. J., and Berdon, Norcott, Palmer and Peters, Js.

Argued December 3, 1996—officially released March 4, 1997

*Steven J. Errante*, for the appellant (named plaintiff).

*Andrew J. O'Keefe*, with whom were *Joseph M. Busher, Jr.*, and, on the brief, *Kathryn M. Cunningham*, for the appellee (named defendant).

*Opinion*

NORCOTT, J. The sole issue in this appeal concerns the legal sufficiency of the notice given by the named plaintiff, Barbara Martin, to the named defendant, the

town of Plainville (town),[1] pursuant to General Statutes § 13a-149,[2] in connection with injuries she had sustained from a fall on an allegedly defective sidewalk. The trial court granted the town's motion to strike the complaint because the plaintiff's notice to the town failed to include a general description of her injuries as required by the statute. The Appellate Court upheld the trial court's judgment; *Martin* v. *Plainville*, 40 Conn. App. 179, 183, 669 A.2d 1241 (1996); and this appeal followed. We granted certification limited to the issue of whether the Appellate Court correctly decided that the notice sent to the town pursuant to § 13a-149 was defective. *Martin* v. *Plainville*, 236 Conn. 912, 913, 673 A.2d 113 (1996). We affirm the judgment of the Appellate Court.

The factual and procedural predicates to this appeal are as follows. The plaintiff filed a notice of injury with the office of the town clerk via certified mail. In her letter of notice, the plaintiff stated that she had retained legal representation in connection with "injuries she sustained in a fall" and that she "was injured after she tripped over a defect in the sidewalk." No other information was provided about either the nature of the injuries sustained by the plaintiff or the nature of the defect in the sidewalk.

---

[1] Although both Barbara Martin and her husband, John Martin, were plaintiffs at trial, only Barbara Martin has appealed. All references hereinafter to the plaintiff are to Barbara Martin. The plaintiff's original complaint was filed against the town and the abutting landowners, Robert and Bonnie Bostrom. The trial court granted the motion for summary judgment filed by the abutting landowners, leaving the town as the sole defendant in this action.

[2] General Statutes § 13a-149 provides in pertinent part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the

The town moved to strike the plaintiff's complaint on the ground that the notice was defective in failing to provide a "general description" of the plaintiff's injuries as required by § 13a-149.[3] In granting the town's motion, the trial court found that the plaintiff's notice contained no description whatsoever of her injuries. The court concluded that the total absence of any description of the plaintiff's alleged injuries rendered the notice defective as a matter of law under the precedent set forth in *Marino* v. *East Haven*, 120 Conn. 577, 578, 182 A. 225 (1935) (written notice indicating that plaintiff "fell and was injured" was insufficient as matter of law due to lack of general description of plaintiff's injuries).

The Appellate Court, in a per curiam opinion, agreed with the trial court that *Marino* was controlling and dispositive, and that the plaintiff's notice was defective as a matter of law. *Martin* v. *Plainville*, supra, 40 Conn. App. 182. The Appellate Court also stated that its status as an intermediate court and the principle of stare decisis prevented it from "reexamining or reevaluating Supreme Court precedent." Id.

On appeal, the plaintiff urges this court to overrule *Marino* as an outdated precedent that produces harsh results and conflicts with other cases interpreting the sufficiency of notice under § 13a-149. The plaintiff further argues that the statute's savings clause provides her relief from the consequences of insufficient notice because the town did not demonstrate how it was harmed by her failure to provide a general description

clerk of such city or borough, or to the secretary or treasurer of such corporation. . . ."

[3] The town also argued that the notice was insufficient in failing to describe the nature of the defect alleged to have caused the plaintiff's fall. Because the trial court determined that the notice was insufficient due to the lack of a general description of the injury, it did not address the second issue as an alternative basis for granting the town's motion to strike.

of her injuries. We decline this invitation to overrule *Marino,* and we conclude that the savings clause is not applicable in this case. Accordingly, we affirm the judgment of the Appellate Court.

Under the common law, municipalities enjoyed immunity for injuries caused by defective highways. *White* v. *Burns,* 213 Conn. 307, 313, 567 A.2d 1195 (1990); see also W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 131. This immunity has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway. *White* v. *Burns,* supra, 312. Section 13a-149 provides the exclusive remedy for a person seeking redress against a municipality for such injuries. *Sanzone* v. *Board of Police Commissioners,* 219 Conn. 179, 192, 592 A.2d 912 (1991).

As a condition precedent to maintaining an action under § 13a-149, a plaintiff must provide a municipality with notice that meets the statutory requirements. *Pratt* v. *Old Saybrook,* 225 Conn. 177, 180, 621 A.2d 1322 (1993); *Sanzone* v. *Board of Police Commissioners,* supra, 219 Conn. 185; *Marino* v. *East Haven,* supra, 120 Conn. 578–79. The statute requires that the notice contain the following five essential elements: (1) written notice of the injury; (2) a general description of that injury; (3) the cause; (4) the time; and (5) the place thereof. *Pratt* v. *Old Saybrook,* supra, 180; *Marino* v. *East Haven,* supra, 579; *Sizer* v. *Waterbury,* 113 Conn. 145, 156, 154 A. 639 (1931). A plaintiff who fails to comply with these requirements cannot maintain a cause of action against a municipality. *Pratt* v. *Old Saybrook,* supra, 180–81; *Marino* v. *East Haven,* supra, 579; *Nicholaus* v. *Bridgeport,* 117 Conn. 398, 402, 167 A. 826 (1933).

In *Marino* v. *East Haven,* supra, 120 Conn. 578, the plaintiff's notice contained the statement that he "fell

and was injured" on Merline Avenue in East Haven. The notice failed to provide any description of the injury. Id. This court held that a general description of the plaintiff's alleged injury was an essential element to a perfected notice under the statute. Id., 580–81. Because the notice lacked this essential element, we concluded that the notice was insufficient as a matter of law and that the plaintiff's action was thus barred. Id. *Marino* has been the law in this state for more than sixty years, and for the reasons set forth in this opinion, we are not persuaded that this precedent should be overruled.

The plaintiff first argues that *Marino* is an outdated precedent that produces harsh results. We note, however, that since 1935, when *Marino* was decided, the legislature has had many opportunities to amend the requirements for sufficient statutory notice in the manner suggested by the plaintiff, but has not done so. While we have recognized that legislative inaction is not the definitive guide to legislative intent; see *Conway* v. *Wilton*, 238 Conn. 653, 678, 680 A.2d 242 (1996); *Streitweiser* v. *Middlesex Mutual Assurance Co.*, 219 Conn. 371, 379, 593 A.2d 498 (1991); we have also noted that "[t]he legislature is presumed to be aware of the interpretation of a statute and . . . its subsequent non-action may be understood as a validation of that interpretation. . . . This presumption is strengthened when the legislature has affirmatively reenacted the statute after the interpretation in question." (Internal quotation marks omitted.) *Jolly, Inc.* v. *Zoning Board of Appeals*, 237 Conn. 184, 200–201, 676 A.2d 831 (1996).

The most recent legislative activity involving this statute occurred with the enactment of the Tort Reform Act of 1986. Public Acts 1986, No. 86-338. The Tort Reform Act of 1986 substantially changed the notice requirement for maintaining an action against a municipality for injuries caused by defects in highways. Previously, a plaintiff could fulfill the requirement of notice

either by furnishing a notice containing the five statutory elements, or by filing a cause of action within the time limit for notice. Under the Tort Reform Act of 1986, however, the plaintiff must furnish notice containing the five statutory elements as a condition precedent to bringing an action against a municipality. The mere filing of a cause of action no longer suffices. See Public Acts 1986, No. 86-338, § 14. The brief legislative commentary surrounding the amendment indicates that more specificity, beyond the mere filing of an action, is required so that a municipality can be apprised of a plaintiff's status for purposes of possible investigation and settlement. "Section 14 retains Section 13a-149 which is in [the] statute already . . . . [W]e eliminate the possibility of an individual who wants to bring [an] action against a town from just filing a suit. . . . The feeling here is if a notice is given to the town, the town has an opportunity to meet with the individual and work a settlement so, suit alon[e] does not give actual notice to the town. You must give notice to the town prior to bringing the suit." 29 H.R. Proc., Pt. 16, 1986 Sess., p. 5741, remarks of Representative William Wollenberg. This legislative history manifests an intent to require *more* rather than *less* notice to the town. The legislative history of the statute does not support the plaintiff's argument that a mere statement of injury, without any description of such injury, should suffice under § 13a-149.

Further, there are sound reasons of public policy that support the continuance of our interpretation of § 13a-149 as expressed in *Marino*. As a matter of fundamental fairness, a municipality should be sufficiently apprised of a general description of a plaintiff's alleged injuries so that it can assess its exposure and allocate resources, which may be scarce in smaller towns, to facilitate an appropriate investigation and the hastening of a possible settlement. See, e.g., *Lussier* v. *Dept. of Transporta-*

*tion*, 228 Conn. 343, 354, 636 A.2d 808 (1994); *Pratt* v. *Old Saybrook*, supra, 225 Conn. 182; *Sanzone* v. *Board of Police Commissioners*, supra, 219 Conn. 198; *Nicholaus* v. *Bridgeport*, supra, 117 Conn. 400–401. Indeed, the entire strategy of a town's legal defense might well be predicated on the nature of the injuries alleged. For example, a town might handle a claim alleging a hairline fracture of the small toe quite differently than one alleging a serious injury to the brain. The requirement that the plaintiff give a general description of the injury is a reasonable compromise between the giving of no description and the giving of a very specific one. See *Sanzone* v. *Board of Police Commissioners*, supra, 198 ("notice requirement strikes a balance between the public benefit and the private right to seek a remedy").

The plaintiff further argues that *Marino* has been implicitly overruled. See *Lussier* v. *Dept. of Transportation*, supra, 228 Conn. 356 (notice describing location of defect in highway held to be sufficient in that it contained " 'reasonable definiteness' " to allow town to investigate complaint); *Tedesco* v. *Dept. of Transportation*, 36 Conn. App. 211, 214, 650 A.2d 579 (1994) (notice of location of defect adequately provided defendant with "a guide as to how to conduct further inquiries to protect its interests"). These cases are inapposite, however, because neither dealt with the effect of the *total* absence of a general description of the injury. Moreover, nothing in the court's reasoning in these cases suggests that we should depart from the rule established in *Marino* and implicitly reaffirmed by the legislature during its latest efforts regarding tort reform. Indeed, in *Lussier*, we explained: "The notice requirement is not intended merely to alert the [defendant] to the occurrence of an accident and resulting injury, but rather to permit the [defendant] to gather information to protect himself in the event of a lawsuit. . . . The purpose of the requirement of notice is to furnish the

party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a *reasonable guide in the conduct of such inquiries*, and in obtaining such information as he might deem helpful for his protection." (Citations omitted; emphasis added; internal quotation marks omitted.) *Lussier* v. *Dept. of Transportation*, supra, 354. We conclude, therefore, that there is nothing in these decisions that calls into question the continued viability of *Marino*.

The plaintiff's final argument is that the application of the statutory savings clause[4] relieves her of the consequences of defective notice because the town failed to demonstrate how it was harmed by such defect. We are not persuaded.

The savings clause applies only where the information provided in the notice is *inaccurate*, not where information is entirely absent. *Mascagna* v. *Derby*, 123 Conn. 684, 685, 194 A. 728 (1937) (savings clause inapplicable where notice contains total absence of description of injury); *Marino* v. *East Haven*, supra, 120 Conn. 580 (same); see also *Nicholaus* v. *Bridgeport*, supra, 117 Conn. 401 (savings clause inapplicable where notice contains total absence of cause of injury). In the present case, the plaintiff cannot be afforded the relief of the savings clause because the notice she provided failed to give any description of the injury whatsoever and, thus, did not comport with one of the five fundamental requirements for perfected notice.

Finally, the plaintiff's concern about the harsh result that she perceives is produced by adherence to the

---

[4] The savings clause in § 13a-149 provides in relevant part that "[n]o notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town . . . was not in fact misled thereby."

statutory notice requirements is a concern best addressed to the legislature. This court cannot, by judicial fiat, amend an unambiguous and reasonable statute such as § 13a-149.

The judgment of the Appellate Court is affirmed.

In this opinion CALLAHAN, C. J., and PALMER and PETERS, Js., concurred.

BERDON, J., dissenting. In order to put this case in its proper perspective, I start with the undisputed facts that the named defendant, the town of Plainville (town), neither before the trial court, the Appellate Court nor this court, has ever made the claim, explicitly or implicitly, that the failure of the named plaintiff (plaintiff) to describe her injuries in the notice with specificity was the result of her intention to mislead the town or that the town was prejudiced in any manner.

Furthermore, the issue before us must be decided in light of our recent jurisprudence pertaining to the notice statute, General Statutes § 13a-149, which we unanimously affirmed in *Pratt* v. *Old Saybrook*, 225 Conn. 177, 621 A.2d 1322 (1993). First, the purpose of the notice is not "to set a trap for the unwary," but, rather, to put the town on notice that a claim will be made, which allows the municipality to make a proper investigation. Id., 182. Second, "the legislature intended that compliance with the notice requirement be liberally construed in favor of the plaintiff." Id., 183. Third, even if the notice is defective, it will not be fatal to the plaintiff's cause of action under the statutory savings clause "if it appears that there was no intention to mislead *or* that such town . . . was not in fact misled thereby." (Emphasis added.) General Statutes § 13a-149.[1]

---

[1] The savings clause portion of the notice requirement in General Statutes § 13a-149, the municipal highway defect statute, provides: "No notice given under the provisions of this section shall be held invalid or insufficient by

The notice furnished by the plaintiff to the town in this case provided as follows: "Please be advised that this law firm represents [the plaintiff] as a result of injuries she sustained in a fall on March 21, 1991. At that point in time, [the plaintiff] was walking on the sidewalk on Timber Hill Road, directly in front of House #10. At that time, [the plaintiff] fell and was injured after she tripped over a defect in the sidewalk. . . ."

I concede that if we apply the 1935 case of *Marino* v. *East Haven*, 120 Conn. 577, 182 A. 225 (1935), the notice of the plaintiff that alleged that she "was injured" as a result of the fall would be insufficient, as a matter of law, and would preclude the invocation of the savings clause. *Marino* held that the savings clause was inapplicable because the notice in that case failed "to give any description whatever of the injury claimed to have been sustained." Id., 580.

The *Marino* decision and the majority's embracement of this anachronistic decision is not logical, does not comport with the liberal interpretation that we must give the statute in favor of the person injured, and is contrary to the trend of recent decisions of this court.

First, it is not logical because under *Marino*, if an injury was described, no matter how inaccurate that description was, the savings clause could be invoked, but it could not be invoked if a plaintiff simply alleged that she was injured. In terms of the example given by the majority, if the plaintiff here had alleged that she sustained a hairline fracture of the small toe, but she had actually sustained a serious injury to her brain, the savings clause, if the reasoning in *Marino* is followed, would be applicable. On the other hand, if the plaintiff

reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

alleged in the notice merely that she was injured, then the savings clause, according to *Marino*, could not be invoked. Such an interpretation of the statute runs contrary to the basic rule that we must apply common sense to statutory construction.[2] "[C]ommon sense must be used in statutory interpretation, and courts will assume that the legislature intended to accomplish a reasonable and rational result." (Internal quotation marks omitted.) *Cannata* v. *Dept. of Environmental Protection*, 239 Conn. 124, 141, 680 A.2d 1329 (1996).

Furthermore, by continuing to follow the *Marino*[3] precedent, the majority fails to recognize the liberal interpretation we are required to apply to the § 13a-149 savings clause. *Pratt* v. *Old Saybrook*, supra, 225 Conn. 183. Any reasonable interpretation of the savings clause, within the context of the legislative directive that it be liberally construed, could *not* possibly include that a totally inaccurate description of the injury—i.e., a hair-

---

[2] The incongruity of the court's decision today to the basic rule of statutory construction is demonstrated in *Flynn* v. *First National Bank & Trust Co.*, 131 Conn. 430, 40 A.2d 770 (1944). There, the court held that the notice allegation of "bruises on other parts of her legs and body" was sufficient to enable the plaintiff to take advantage of the savings clause with respect to a later amendment to the complaint alleging a "[c]ompressed fracture of the spine." Id., 432.

[3] We should not abide by a prior decision of this court merely for the sake of stare decisis. See *White* v. *Burns*, 213 Conn. 307, 335, 567 A.2d 1195 (1990) ("there is a well recognized exception to stare decisis under which a court will examine and overrule a prior decision that is clearly wrong"). Furthermore, "the force of precedent will not hinder our rejection of a rule whose application no longer serves the ends of justice. . . . The arguments for adherence to precedent are least compelling . . . when the rule to be discarded may not be reasonably supposed to have determined the conduct of the litigants, and particularly when in its origin it was the product of institutions or conditions which have gained a new significance or development with the progress of the years." (Citation omitted; internal quotation marks omitted.) *O'Connor* v. *O'Connor*, 201 Conn. 632, 644, 519 A.2d 13 (1986). Indeed, we have clearly signaled the abandonment of this court's rigid approach regarding adherence to notice of injury with respect to defective highway statutes. See the remaining discussion in this dissent and the cases cited therein.

line injury to the toe when the injury was in fact a serious one to the brain—would be sufficient to invoke the savings clause, but a statement that the plaintiff was injured, as a matter of law, would not.

Indeed, a recent decision construing General Statutes § 13a-144, the state highway liability statute, which requires a less liberal construction because it contains no savings clause; see *Pratt* v. *Old Saybrook*, supra, 225 Conn. 183; instructs us that we must abandon the Dickensian[4] technical approach to requirements of notice and pleadings when in fact no harm results to the other party. In *Lussier* v. *Dept. of Transportation*, 228 Conn. 343, 636 A.2d 808 (1994), a case which included on its panel four of the five justices who decide the present case,[5] we held that the notice provided to the state was not patently defective where it failed to indicate with specificity the alleged icy road conditions and the exact location of those road conditions. Id., 356–58. We stated in *Lussier* that "[t]he notice require-

---

[1] The majority's reliance on *Marino's* unbending requirement that some form of injury be described, no matter how inaccurate, "is reminiscent of Charles Dickens' Bleak House in which, more than one hundred years ago, Dickens vividly portrayed the mischief done by abuse of the common law forms of civil procedure." *Rich* v. *Director, Office of Workers' Compensation Programs*, 798 F.2d 432, 434 (11th Cir. 1986); see also 1 C. Dickens, Bleak House (International Collectors Library) c. 1, p. 4 (describing members of bar as "tripping one another up on slippery precedents, [and] groping knee-deep in technicalities").

In addition, "[w]e . . . have refused to permit the recurrence of the inequities inherent in eighteenth century common law that denied a plaintiff's cause of action if the pleadings were technically imperfect. As Professor Edward L. Stephenson points out, remedial statutes . . . were intended to soften the otherwise harsh consequences of strict construction under the common law: 'Over-technical formal requirements have ever been a problem of the common law, leading [legislative bodies] at periodic intervals to enact statutes . . . which, in substance, told the courts to be reasonable in their search for technical perfection.' 1 E. Stephenson, [Connecticut Civil Procedure (2d Ed. 1970)] § 35, p. 137." *Andover Ltd. Partnership I* v. *Board of Tax Review*, 232 Conn. 392, 399–400, 655 A.2d 759 (1995). The savings clause embodied in § 13a-149 is just such a remedial statute.

[5] Chief Justice Callahan and Justices Berdon, Palmer and Peters.

ment [contained in § 13a-144] is not intended merely to alert the commissioner to the occurrence of an accident and resulting injury, but rather to permit the commissioner to gather information to protect himself in the event of a lawsuit. . . . The purpose of the requirement of notice is to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection. . . . Unless a notice, in describing the place or cause of an injury, patently meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case." (Citations omitted; internal quotation marks omitted.) Id., 354. We stated that "[t]he notice need not be expressed with the fullness and exactness of a pleading." (Internal quotation marks omitted.) Id., 356. In *Lussier*, we found the notice adequate even though the notice requirement under § 13a-144 must be strictly construed. Id.

It is clear to me that to know with specificity the location and the nature of the defect is far more important in order for the town or state to protect its interests than to know the nature of the injury. The injury, if significant, is permanently documented through medical records. The knowledge of the exact location and cause of the injury, in certain circumstances, is not only necessary in order for the town or the state to take remedial steps, but also because the alleged defect may be transient in nature, the evidence of which may not be subsequently available.

In my view, the savings clause of § 13a-149, with respect to the requirement of furnishing notice of an

injury, is invoked where, as here, the plaintiff merely alleges that an injury has occurred. It then becomes an issue for the jury to determine whether the plaintiff did not intend to mislead the town or that the town was not in fact misled; see *Sizer* v. *Waterbury*, 113 Conn. 145, 155, 154 A. 639 (1931); *Shapiro* v. *Hartford*, 4 Conn. App. 315, 317–18, 494 A.2d 590, cert. denied, 197 Conn. 810, 499 A.2d 61 (1985); either of which would excuse any defect in the notice. See General Statutes § 13a-149.

Accordingly, I dissent.