[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
CT Page 9385
I. Facts
On December 24, 1996, the plaintiff, Florette M. Theriault, filed a one count complaint against the defendant, the Star of the Sea Church Corporation ("Star of the Sea"), alleging that she sustained injuries as a result of a slip and fall when her foot became caught in a large crack in the pavement of Star of the Sea's parking area.
Star of the Sea filed an apportionment complaint against the Town of Farmington (the "Town"), on March 17, 1997, alleging that the Town had a duty to maintain the area where Theriault slipped and fell. Accordingly, Star of the Sea alleges that the Town is potentially liable to Theriault and should be considered for purposes of apportioning liability.
On April 16, 1997, Theriault filed a two count amended complaint setting forth the following causes of action: negligence, directed against Star of the Sea (count one); and negligence, directed against the Town (count two).
On April 16, 1997, the Town filed a motion to dismiss the apportionment complaint accompanied by a supporting memorandum of law on the ground of sovereign immunity. On May 27, 1997, Star of the Sea filed a memorandum of law in opposition.
II. Standard
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.)Savage v. Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990).
"[T]he doctrine of sovereign immunity implicates subject CT Page 9386 matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) FederalDeposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing,237 Conn. 1, 4, 675 A.2d 845 (1996).
III. Discussion
The Town contends that the apportionment complaint should be dismissed because the court lacks subject matter jurisdiction under the doctrine of sovereign immunity. Specifically, the Town maintains that the plaintiff failed to give the required statutory notice pursuant to General Statutes § 13a-149, thereby rending the Town immune from liability. Star of the Sea does not address the issue of lack of notice but instead asserts that General Statutes § 52-572h allows for apportionment among parties where actual recovery may not be allowed.
General Statutes § 52-572h provides, in pertinent part, that: "In a negligence action to recover damages resulting for personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportional share of the recoverable economic damages and the recoverable noneconomic damages. . . ." General Statutes § 52-572 (h)(c). General Statutes §52-10.2b(c) provides in part, that "[n]o person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h."
"Under the common law, municipalities enjoyed immunity for injuries caused by defective highways. . . . This immunity has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway. . . . Section 13a-149 provides the exclusive remedy for a person seeking redress against a municipality for such injuries." Martin v. Plainville,240 Conn. 105, 109, 689 A.2d 1125 (1997).
General Statutes § 13a-149 provides in relevant part: CT Page 9387 "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or the clerk of such city or borough, or to the secretary or treasurer of such corporation." General Statutes § 13a-149.
"A plaintiff who fails to comply with these requirements cannot maintain a cause of action against a municipality." Id.
The present action does not involve a plaintiff who initially initiated a direct cause of action against a municipality for personal injuries sustained due to defective road ways and who failed to provide the required statutory notice. Instead, the present action involves a defendant who filed an apportionment complaint against a municipality seeking to limit its own liability to the plaintiff. In Quiroz v. Bienvenida, Superior Court, judicial district of Waterbury, Docket No. 126133 (May 13, 1996, Pellegrino, J.) (17 CONN. L. RPTR. 110), the city of Waterbury brought a motion to dismiss an apportionment complaint on the ground that neither the plaintiff nor the defendant satisfied the notice requirement of General Statutes §13a-149 necessary to institute an action against it. Quiroz v.Bienvenida, supra, 17 CONN. L. RPTR. 110. The court denied the motion finding that "[t]he defendant is not bound by the notice provisions of § 13a-149, because it is not claiming the City is responsible to pay a portion of damages, but just seeks to cite it as an apportionment defendant." Id. "Here the defendant is attempting to limit its own liability by seeking to apportion it with the City, which is permissible under Tort Reform II." Id. Accordingly, the defendant "need not comply with 13a-149 in order to assert only an apportionment claim against the City." Id. The court did not address whether the plaintiff is required to provide notice. This court agrees with the holding in Quiroz v.Bienvenida and applies it to the instant Motion to Dismiss.
The court also finds that the well reasoned opinion by Judge Sullivan in Barrett v. Scozzafara, 12 CONN. L. RPTR. 657 (Nov. 2, 1994) to be persuasive. In that case, the court held that the purpose of tort reform is to allow a party only to pay for that party's proportionate share of damages. CT Page 9388
This court agrees that Conn. Gen. Stat, § 52-572h allows for apportionment among parties against whom recovery may not be allowed.
Therefore, based on the foregoing, the Motion to Dismiss is denied.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT