[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 14, 1996, the plaintiff, Dorothy Greco, filed a complaint against the defendants, Richard Brennan, Diagnostic Medical Laboratory, Inc. and General Motors Acceptance Corporation. The plaintiff alleges that the defendants are liable for her injuries arising from an automobile accident occurring on January 12, 1995.
On January 22, 1997, the defendants filed an apportionment complaint against the apportionment defendant, the Town of North Branford. The town is allegedly charged with maintaining the road on which the accident occurred. On April 4, 1997, the plaintiff also filed a complaint against the town, seeking damages under General Statutes § 13a-149, commonly referred to as "the highway defect statute."
On April 22, 1997, the town filed both a motion to dismiss the apportionment complaint (motion to dismiss #118) and a motion to dismiss the plaintiff's complaint (motion to dismiss #117) The town moves to dismiss the defendants' apportionment complaint on the ground that the town is immune from suit and, therefore, an action for apportionment under General Statutes § 52-102b is not permitted. The town moves to dismiss the plaintiff's complaint on the ground that the town is immune from suit because the plaintiff failed to give the town notice, as required by General Statutes § 13a-149.
"The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) CT Page 8930 insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 143 "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). "The motion to dismiss . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Barde v. Board ofTrustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988).
The plaintiff's complaint against the town relies on General Statutes § 13a-149. (Complaint ¶ 9.) General Statutes § 13a-149 states in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair . . .No action for any such injury shall be maintained against anytown . . . unless written notice of such injury and a generaldescription of the same, and of the cause thereof and of the timeand place of its occurrence, shall, within ninety days thereafterbe given to a selectman or the clerk of such town . . . ."
(Emphasis added.) Based on the face of this statute, the dispositive question is whether the town received the requisite notice from the plaintiff.
The subject accident occurred on January 12, 1995. The plaintiff admits that she did not provide notice of her injuries to the town until April 4, 1997. The plaintiff, therefore, did not provide the town with notice of her injuries until almost 27 months following the occurrence. Since the plaintiff has not met the requirements of General Statutes § 13a-149, the town is immune from liability for the plaintiff's injuries.
The plaintiff argues in her brief that 13a-149's notice requirement should be read as a statute of limitations.[1] This is unpersuasive. Section 13a-149 is "a condition precedent to maintaining an action"; Martin v. Plainville, 240 Conn. 105, 109,689 A.2d 1125 (1997); not a statute of limitations.
A statute of limitation is "a bar to the remedy on the plaintiff's cause of action occasioned by the lapse of time since the cause of action arose. [It] is the policy of the state as expressed in a statute . . . prescribing the period of time within which an action or proceeding in law or in equity must be brought. A statute of limitations, therefore, is intended to CT Page 8931 prevent the assertion of stale claims." (Citations omitted; Internal quotation marks omitted.) Nemeth v. Gun Rack, Ltd.,38 Conn. App. 44, 51, 659 A.2d 722 (1995). The notice provision of § 13a-149 does not time bar the plaintiff's remedy for her injuries. Instead, it provides a condition precedent to maintaining an action against a governmental entity. Martin v. Plainville, supra,240 Conn. 109.
Regardless, "[a] plaintiff who fails to comply with [the] requirements [of General Statutes § 13a-149] cannot maintain a cause of action against a municipality." Id. See also Sanzonev. Board of Police Commissioners, 219 Conn. 179, 198,592 A.2d 912 (1991) ("[T]he plaintiff who fails within ninety days to provide the municipality with the statutorily required notice will be barred from any recovery."). Since the plaintiff in the present case failed to comply with the notice requirement, she cannot maintain a cause of action against the town.
Therefore, the town's motion to dismiss is granted.
The defendants in this case filed a complaint against the town pursuant to General Statutes § 52-102b. Section 52-102b
allows a defendant the opportunity to apportion fault to persons who might also be liable for the plaintiff's injuries. Section52-102b states in relevant part: "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability . . . ." Subsection (c) makes it clear that "[n]o person who is immune from liability shall be made an apportionment defendant . . . ." General Statutes §52-102b(c). The dispositive question in the present case, therefore, is whether the town is immune from liability for the plaintiff's injuries.
Based on the foregoing discussion, the notice requirement that would otherwise waive the town's immunity has not been met The town, therefore, is immune from liability. Recalling that "[n]o person who is immune from liability shall be made an apportionment defendant," it follows that the town cannot be made an apportionment defendant.
The defendants argue hat § 13a-149 does not bar defendants from bringing an apportionment action against a CT Page 8932 municipality when the notice requirements are not met. In fact, the defendants suggest that parties seeking apportionment where municipalities are involved, are not governed by 13a-149. Rather, only the requirements of § 52-102b need to be met. In sum, the defendants argue that "since the town is not immune from liability for injuries resulting from neglect in maintaining public roads, it is not exempted from apportionment under the statute." The defendants' argument would be correct if the town was indeed not immune from liability. A town is immune from liability if the notice requirements of § 13a-149 have not been met. General Statutes § 13a-149. The statute does not discriminate by status of the party, i.e., whether it is a plaintiff or a defendant bringing the action against the municipality. Section 13a-149 is clear on its face: "No action
for any such injury shall be maintained against any town . . ." without proper notice. (Emphasis added.) General Statutes §13a-149.
Furthermore, Connecticut's Superior Courts have addressed the issue of whether a municipality may be brought into a cause of action for purposes of apportioning liability. See, e.g., Belcherv. Agency Rent-A-Car, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 527790, 11 CONN. L. RPTR. 427 (April 13, 1994, Sheldon, J.); Gee v. Skarupa, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306993 (December 20, 1993, Pittman. J.) (10 CONN. L. RPTR. 520, 9 CSCR 80). These courts, which examined the legislative history of General Statutes § 52-572h, found that municipalities cannot be parties as defendants unless the municipality is a party against whom recovery is otherwise allowable and a municipality "cannot be [a party if it is immune from suit, against who statutory prerequisites for bringing suit have not been fulfilled. . . ." Belcher v. Agency Rent-A-Car, supra, quotingGee v. Skarupa, supra.[2]
In the present case, proper notice was never provided, which is a statutory prerequisite for bringing suit. Hence, no action, whether the plaintiff's action or the defendant's apportionment action, can be maintained against the town. Therefore the town's motion to dismiss is granted.
Howard F. Zoarski Judge Trial Referee