[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought under General Statutes §13a-149 for personal injuries allegedly suffered when the plaintiff fell on a city sidewalk. To bring a claim under § 13a-149, "the plaintiff must furnish notice containing the five statutory elements as a condition precedent to bringing an action against a municipality." Martin v. Plainville, 240 Conn. 105, 111,689 A.2d 1125 (1997). Notice must include a general description of the injury. General Statutes § 13a-149. The defendant has moved to strike the complaint on the ground that the notice given to the city was defective because it did not contain a complete description of the nature of the alleged injuries.
The legislature intended the notice requirement to be liberally construed. Pratt v. Old Saybrook, 225 Conn. 177, 183,621 A.2d 1322 (1993). Notice is ordinarily defective only when it completely lacks an essential element, which, in regard to an injury's description, would mean a failure to give any description beyond the mere assertion that the injury or damage occurred. Martin v. Plainville, supra, 240 Conn. 110. The savings clause applies where the information provided in the notice is inaccurate or incomplete. Id., 113.
In the present case, the notice gave the following description: "traumatic injury to the teeth, nose, chin, face, hands, knees, legs. Full extent not presently known." While not offering details as to the exact nature of the injuries to the plaintiff's limbs, this description does identify specific injuries, and goes beyond a mere assertion that the plaintiff was injured.
Accordingly, the defendant's motion to strike is denied.
Howard F. Zoarski Judge Trial Referee CT Page 8506