[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Joseph Virag, filed a complaint sounding in negligence under General Statutes § 13a-149, against the defendant, the City of Stamford. Specifically, the plaintiff alleges that he was involved in a motor vehicle accident with non-party Maxine Jorgo, who collided with Virag's vehicle in an intersection which apparently had a missing stop sign. The plaintiff claims that the stop sign was missing as a result of the defendant's negligence.
The defendant has filed a motion to dismiss the complaint on the ground that "the claimed/required statutory notice was defective. The notice . . . is fatally defective in that it fails to identify, even generally, the injuries claimed to have been sustained."[1] The plaintiff argues that a motion to dismiss is not the procedural vehicle to be used to challenge whether CT Page 4913 proper statutory notice has been provided.
"Where a court's jurisdiction arises solely from a statutory waiver of sovereign immunity, the statutory provisions must be strictly construed. . . . Accordingly, where a statute or court rule sets prerequisites to suit by a particular plaintiff, a plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over the case. . . . [T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Citation omitted; internal quotation marks omitted.)Novicki v. City of New Haven, 47 Conn. App. 734, 739, ___ A.2d ___(1998).
"As a condition precedent to maintaining an action under § 13a-149, a plaintiff must provide a municipality with notice that meets the statutory requirements. . . . The statute requires that the notice contain the following five essential elements: (1) written notice of the injury; (2) a general description of that injury; (3) the cause; (4) the time; and (5) the place thereof. . . . A plaintiff who fails to comply with these requirements cannot maintain a cause of action against a municipality." Martin v. Town of Plainville, 240 Conn. 105, 109,689 A.2d 1125 (1997).
In Martin, the Supreme Court upheld the trial court's granting of the town's motion to strike. Martin v. Town ofPlainville, supra, 240 Conn. 109. "The trial court [had] found that the plaintiff's notice contained no description whatsoever of her injuries." Id., 108.
In the present case, a copy of the notice sent to the city is attached to the defendant's motion. The notice is in the form of a letter signed by an employee of Allstate Indemnity Company, Jorgo's insurance company. The letter states: "This letter is to put you on notice that you, the City of Stamford, may be responsible for a portion of our insured and Joseph Virag's damages resulting from an automobile accident occurring in Stamford, CT on 1/14/97." Attached to the letter is a copy of the police report, which states that Jorgo "sustained facial [injuries]." Both the report and letter, however, are silent regarding the injuries received by the plaintiff.
The notice provided to the city does not satisfy the requirement of "a general description of [the plaintiff's] CT Page 4914 injury." The plaintiff failed to meet the criteria of General Statutes § 13a-149, and therefore he "lacks standing and the court is said to lack jurisdiction over the case." Novicki v.City of New Haven, supra, 47 Conn. App. 739. The motion to dismiss is granted.
So Ordered.
D'ANDREA, J.