[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On July 27, 1998, the plaintiff, Clara Potter, filed a two count amended complaint against the defendants, the Town of Hamden (Hamden), John F. Capone (Capone) and Highwood Gardens Associates (Highwood Gardens), alleging damage resulting from an accident involving her motor scooter. The plaintiff alleges that on March 1, 1997, she was operating her motor scooter in a driveway entrance in front of Highwood Gardens Apartments at 324 CT Page 16325 Goodrich Street in Hamden, Connecticut. She alleges that in attempting to access the sidewalk from the driveway entrance, she was thrown to the ground when her tire "traveled into a depressed and broken area" of the street. In count one, the plaintiff brings an action sounding in breach of the defective highway statute, General Statutes § 13a-149, against Hamden, based on its ownership, control, possession, management or maintenance of the street. She alleges that her injuries are the result of Hamden's negligence in causing, allowing or permitting "the sidewalk and/or street on the southern curb-side of Goodrich street" to remain in a dangerous and unsafe condition and in failing to repair, warn or inspect said sidewalk and/or street. In count two, the plaintiff brings an action sounding in negligence against Capone and Highwood Gardens, based on their ownership, control, possession, management or maintenance of the "premises at or around 324 Goodrich Street." The plaintiff alleges that her injuries are the result of Capone's and Highwood Gardens' negligence in causing, allowing or permitting the premises to remain in a dangerous and unsafe condition and in failing to repair, warn or inspect said premises.
On August 6, 1998 and on August 17, 1998, Capone/Highwood Gardens and Hamden, respectively, filed their answers with special defenses.
On September 29, 1998, Capone and Highwood Gardens filed a cross claim against Hamden, which cross claim sounds in active/passive negligence and seeks indemnification.
On October 22, 1998, Hamden filed a motion to strike the cross claim and a memorandum of law in support. Capone and Highwood Gardens have filed a memorandum of law in opposition.
"Whenever any party wishes to contest the legal sufficiency of the allegations of any . . . cross claim to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading. . . ." Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825,676 A.2d 357 (1996). "If facts provable in a count of a complaint would support a cause of action, the motion to strike that count must be denied. . . ." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 271, 709 A.2d 558 (1998). CT Page 16326
Hamden moves to strike the cross claim by Capone and Highwood Gardens, which cross claim sounds in active/passive negligence and seeks indemnification. Capone and Highwood Gardens specifically assert that the area of Goodrich street where the plaintiff was injured was under the exclusive control of Hamden; that Hamden's negligence is the primary, direct and immediate cause of the plaintiff's injuries; that neither Capone nor Highwood Gardens had any reason to anticipate the negligence of Hamden; and that they reasonably relied upon Hamden not to be negligent. Hamden moves to strike this cross claim on the ground that it fails to state a claim upon which relief can be granted because General Statutes § 13a-149 is the exclusive remedy against a municipality for injuries arising from that municipality's defective highways.
Capone and Highwood Gardens argue in opposition that while courts have found that General Statutes § 13a-149 to be a plaintiff's exclusive remedy against a municipality for injury resulting from a defective highway, this limitation does not apply to them as they are co-defendants and not plaintiffs. Capone and Highwood Gardens go on to reason that insofar as the statute's limitation does not apply to them, they have an implied right to indemnification at common law.
"Under the common law, municipalities enjoyed immunity for injuries caused by defective highways. . . . This immunity has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway. . . . Section 13a-149 provides the exclusive remedy for a person seeking redress against a municipality for such injuries." Martin v. Town of Plainville,240 Conn. 105, 109, 689 A.2d 1125 (1997).
"In addition, the legislature has provided for indemnification by municipalities of municipal officers, agents or employees who incur liability for certain of their official conduct [with General Statutes §§ 7-465 and 7-308]." Williamsv. City of New Haven, 243 Conn. 763, 768, 707 A.2d 1251 (1998).
As a threshold matter, the court notes that Capone and Highwood Gardens have patently failed to state a claim for indemnification pursuant to statute because they have failed to bring suit, alleging that they are either an agent, officer or employee of the municipality. CT Page 16327
The court now turns to the question of whether Capone and Highwood Gardens have asserted a legally sufficient claim for common law indemnity. "In an action for indemnity . . . one tortfeasor seeks to impose total liability upon another tortfeasor. . . . Indemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest. . . . Ordinarily there is no right of indemnity or contribution between joint tortfeasors. Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. Under the circumstances described, we have distinguished between `active or primary negligence,' and `passive or secondary negligence.' Indemnity shifts the impact ofliability from passive joint tortfeasors to active ones. . . . Thus, the common-law doctrine of indemnification permits a tortfeasor to assert a claim only against a liable tortfeasor." (Citations omitted; emphasis in original; internal quotation marks omitted.) Crotta v. Home Depot, Inc., 249 Conn. 634,641-42, ___ A.2d ___ (1999). The plaintiff's claim against Capone and Highwood Gardens is in negligence. In order for Capone and Highwood Gardens to state a claim for indemnity for such negligence, it would have to be possible for Hamden, a municipality, to be liable in negligence to the plaintiff. "Because it is clear that a municipality enjoys governmental immunity for common-law negligence . . . the [indemnity claim] cannot prevail." Williams v. City of New Haven, supra,243 Conn. 763, 768. See Crotta v. Home Depot, Inc., supra, 249 Conn. 642
("As in the case of contribution, indemnity is not allowed against one who has a defense. . . .") (Citation omitted.)
For the foregoing reasons Hamden's motion to strike the Capone and Highwood Gardens cross claim for indemnity is granted. A municipality is immune from liability for negligence and therefore, has no primary liability upon which to base a claim for indemnity.
Howard F. Zoarski Judge Trial Referee CT Page 16328