[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
In her amended and revised complaint dated January 26, 1998, the plaintiff, Audreylyn Thompson, alleged damages for injuries caused by a defective sidewalk pursuant to General Statutes § 13a-149 against the defendant, town of Greenwich (Greenwich), in count one.[1] Thompson further alleged claims of negligence and nuisance against the defendant, Chesebrough Ponds Manufacturing Company (Chesebrough), in counts three and four respectively. Both defendants filed motions to strike. In reviewing a motion to strike, "we must read the allegations of the complaint generously to sustain its viability, if possible. . . . We must, therefore, . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, 252 Conn. 193, 212, 746 A.2d 730
(2000).
Greenwich moves to strike the first count on the ground that Thompson's written notice to the town failed to contain a general description of her injuries pursuant to § 13a-149. "As a condition precedent to maintaining an action under § 13a-149, a plaintiff must provide a municipality with notice that meets the statutory requirements. . . . [A] general description of the plaintiffs alleged injury [is] an essential element to a perfected notice under the statute." Martin v. Plainville,240 Conn. 105, 109-10, 689 A.2d 1125 (1997). Here, Thompson in her notice stated her intention to file suit for "personal injury, pain and sorrow, suffering, and related complications arising from a fall . . . ." While indicating that Thompson did suffer injuries, the notice did not provide a general description of the injuries pursuant to § 13a-149. See id. (affirming previous case law that held that merely stating "`fell and was injured'" did not provide general description of injuries pursuant to § 13a-149). Moreover, the savings clause in § 13a-149 would not apply because it "applies only where the information provided in the notice is inaccurate, not where information is entirely absent." (Emphasis in original.) Id., 113. Accordingly, the court grants Greenwich's motion to strike count one.
Chesebrough moves to strike count three on the ground that an abutting landowner does not have a duty to keep a public sidewalk in a safe condition. Chesebrough further moves to strike count three on the ground that an abutting landowner only has a duty to avoid affirmative acts that would render a sidewalk unsafe. Thompson does not allege that Chesebrough is an abutting landowner, but rather alleges that Chesebrough "owns, controls and maintains said sidewalk. . . ." Moreover, "[a] "speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996). Accordingly, the court denies Chesebrough's motion to strike count three. CT Page 11754
Chesebrough moves to strike count four on the ground that an abutting landowner can on be held liable for a public nuisance when its affirmative acts caused the injuries. As previous. stated with respect to count three, Thompson does not allege Chesebrough was an abutting landowner. Accordingly, the court denies Chesebrough's motion to strike count four for the same reasons set forth with respect to count three.
In summary, the court grants Greenwich's motion to strike count one, but denies Chesebrough's motion to strike counts three and four.
So Ordered.
D'ANDREA, J.