[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #107
The present case arises from a complaint filed by the plaintiff, Suzette Cinque, against the defendant, the city of Waterbury. The original complaint is brought in two counts alleging statutory negligence and public negligent nuisance respectively. According to the complaint, on May 12, 1998, the plaintiff slipped into a depression area of the sidewalk on the corner of Scovill and Cole Streets and sustained personal injuries.
On April 3, 2000, the plaintiff filed a request to revise paragraph eleven of the first count on the ground that the plaintiff is required to set forth with specificity the contents of the statutory notice appended to the complaint. The plaintiff filed an objection on the ground that the statutory notice was already in possession of the defendant. This court granted the plaintiff's request to revise on May 16, 2000, and overruled the plaintiff's objection thereto.
On June 9, 2000, the plaintiff filed its first revised complaint, amending paragraph eleven of the first count to include acknowledgment of receipt of statutory notice to the defendant dated May 15, 1998, and appended as exhibits A and B.
CT Page 12247 On June 12, 2000, the defendant moved to dismiss pursuant to Practice Book § 10-30 on the ground that the plaintiff has failed to satisfy the notice requirements of General Statutes § 13a-149.[1]
Specifically, the plaintiff's argued that the notice does not adequately describe the location of the alleged incident and does not apprise the defendant of where the incident occurred. On June 21, 2000, the plaintiff filed a second revised complaint and objection to motion to dismiss on the ground that the notice defect is cured by the second revised complaint. The revised complaint now contains allegations that the plaintiff gave the city clerk a photograph depicting the area where she fell. According to the complaint, the clerk could determine from the photograph where the incident occurred on Scovill Street by the entrance to the garage and ramp at the corner of Scovill and Cole Streets.
The defendant filed the present motion to strike count two of the complaint sounding in public negligent nuisance because General Statutes § 13a-149, is the plaintiff's exclusive remedy for injuries arising from a defective highway. The plaintiff has not filed an objection.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike, admits all facts well pleaded."Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 65
(1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truths or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Id., 588.
The defendant argues that General Statutes § 52-557n precludes a party from bringing a nuisance action against a municipality for a highway defect and that General Statutes § 13a-149 is the exclusive remedy for bringing a highway defect claim.
General Statutes § 13a-149 provides, in relevant part, "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time CT Page 12248 and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation."
"Under the common law, municipalities enjoyed immunity for injuries caused by defective highways . . . This immunity has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway . . . Section 13a-149 provides the exclusive remedy for a person seeking redress against a municipality for such injuries." Martin v. Town ofPlainville, 240 Conn. 105, 109, 689 A.2d 1125 (1997).
General Statutes § 52-557n (a) provides, in relevant part, "[e]xcept as otherwise provided by law, a political subdivision of the state shall be liable for damages to per on or property caused by: . . . (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section13a-149." The Connecticut Supreme Court has construed § 52-557n "to provide that an action under the highway defect statute, § 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property means of a defective road or bridge." (Internal quotation marks omitted.)Sanzone v. Board of Police Commissioners, 219 Conn. 179, 192, 592 A.2d 912
(1991).
Section 13 of the Tort Reform Act, now General Statutes § 52-557n, governs municipal liability and specifically bars any action for injury to a person caused by a defective road or bridge unless it is brought pursuant to General Statutes § 13a-149. See Sanzone v. Board of PoliceCommissioners, supra, 219 Conn. 192; see also Cook v. Turner,219 Conn. 641, 643, 593 A.2d 504 (1991). "The statute includes injuries caused by defective public sidewalks over which a municipality has assumed control." Rodriguez v. New Haven, 183 Conn. 473, 480 n. 1,439 A.2d 421 (1981). See, e.g., Martin v. Plainville, supra, 240 Conn. 109
(holding that § 13a-149 was the sole remedy for injuries caused by a defective sidewalk alleged to be a nuisance). Therefore, an action under the highway defect statute, General Statutes § 13a-149, is a plaintiff's exclusive remedy against a municipality for injuries resulting from an allegedly defective sidewalk. See Sanzone v. Board of PoliceCommissioners, supra, 219 Conn. 192.
In this case, the second count of the second revised complaint sounds in public negligent nuisance. The court finds that General Statutes § 13a-149, is the plaintiff's exclusive remedy against a municipality CT Page 12249 or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge. See Sanzone v.Board of Police Commissioners, 219 Conn. 192. Accordingly, the defendant's motion to strike the second count of the second revised complaint is granted.
So ordered. October 3, 2000
BY THE COURT
PETER EMMETT WIESE, JUDGE