[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 17347
Background Facts
The plaintiffs, John and Louise Scianna, filed a two-count complaint on June 21, 2001, against the defendant, the city of Norwalk. In count one, they allege that the defendant was liable to John Scianna for injuries sustained when he fell on the sidewalk on Main Street. The plaintiffs allege that John Scianna "tripped over an elevated brick and/or elevated portion of grate" while walking on the sidewalk on August 31, 1999. In count two, the plaintiffs allege that the defendant is liable for Louise Scianna's loss of spousal consortium. The plaintiffs further allege that they gave the city clerk of Norwalk written notice, pursuant to General Statutes § 13a-149, of John Scianna's "injuries and a general description of the same and of the cause thereof and of the time and place of their occurrence" within ninety days of the injuries. A notice was written by John Scianna's former attorney, Louis Colangelo, Jr., and dated September 19, 1999. [hereinafter Colangelo notice.] On July 5, 2001, the defendant filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction because the plaintiffs' notice is legally insufficient. The motion is supported by a memorandum of law. The plaintiffs filed a memorandum of law in opposition to the defendant's motion to dismiss on August 6, 2001, supported by an affidavit of Colangelo. On August 7, 2001, the defendant filed an affidavit of Mary Roman, its city clerk, in support of its motion to dismiss. This affidavit pertained to a second notice, according to Roman received by her on June 7, 2001. [hereinafter Scianna notice.] On August 29, 2001, the plaintiffs filed an affidavit of John Scianna, in support of the plaintiffs' opposition to the motion to dismiss.
Legal Standards
Pursuant to Practice Book § 10-31, a motion to dismiss is proper when asserting a "lack of jurisdiction over the subject matter." Practice Book § 10-31. A motion to dismiss attacks the court's jurisdiction, "asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotations marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss "admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Shay v. Rossi, 253 Conn. 134, 140, 749 A.2d 1147
(2000). The court lacks subject matter jurisdiction when the plaintiff does not satisfy the notice requirements under General Statutes §13a-149. Ferreira v. Pringle, 255 Conn. 330, 344, 766 A.2d 400 (2001). When subject matter jurisdiction is challenged, the plaintiff bears the burden of proving jurisdiction. Fink v. Golenbock, 238 Conn. 183, 199 n. CT Page 17348 13, 680 A.2d 1243 (1996).
Discussion
General Statutes § 13a-149, the municipal highway defect statute, provides the sole remedy to a plaintiff allegedly injured by a defective condition of a municipal highway. Pratt v. Old Saybrook, 225 Conn. 177,180, 621 A.2d 1322 (1993). Section 13a-149 requires that notice be given to the town clerk within ninety days of the alleged incident[1] Proper notice is a condition precedent to bringing a cause of action under General Statutes § 13a-149 against a municipality. Martin v.Plainville, 240 Conn. 105, 109, 689 A.2d 1125 (1997). The plaintiffs must meet five requirements to satisfy the notice requirement under the statute: "(1) written notice of the injury; (2) a general description of that injury; (3) the cause; (4) the time; and (5) the place thereof." Id. A plaintiff who does not give notice that meets these requirements within ninety days is barred from recovery. Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 198, 592 A.2d 912 (1991).
The copy of the statutorily required notice of injury attached by the plaintiffs as an exhibit to their complaint consists of two parts. Part one is the Colangelo notice which is addressed to Mary Roman, Norwalk city clerk. The letter reads; "I represent John Scianna, who was injured when he fell on a raised grate outside Van Buren Cleaners, 2 Main Street, Norwalk, Connecticut. He received serious injuries and I am putting the City on notice that we are looking for relief." Part two is the Scianna notice, written to the attention of Roman, but is undated. This notice reads: "On Tuesday August 31, 1999 as I was walking into Van Buren Cleaners on 2 Main Street my foot hit the raised grate on the sidewalk and I fell very hard. I had to be driven to the emergency room. I received eight stitches over my right eye. I also had X Rays taken of my ribs."
Roman avers in her affidavit in support of the motion to dismiss that the only notice received by her within the statutory period was the Colangelo notice. Specifically, she avers that she did not receive the Scianna notice until June 7, 2001, together with the complaint and the summons, long after the expiration of the statutory period. The defendant concedes that the Scianna notice would have been legally sufficient if it had been timely, but argues that this "supplemental" notice must be disregarded because it is untimely. The plaintiffs have neither disputed Roman's averment that the supplemental notice was filed on June 7, 2001, nor submitted any evidence in the affidavits of Colangelo and Scianna to show that it was filed within the statutory period. The court concludes that the Scianna notice was untimely, and should not be considered.Russell v. Yale University, 54 Conn. App. 573, 577, 737 A.2d 941 (1999); CT Page 17349Barde v. Board of Trustees, 207 Conn. 59, 63, 539 A.2d 1000 (1988).
The defendant argues that the letter from John Scianna's former attorney, the Colangelo notice, provides a mere notice of an intent to sue but fails to satisfy the notice requirement under General Statutes § 13a-149 in two respects. First, the letter fails to mention the time of the injuries. Second, the letter fails to give a general description of John Scianna's injuries.
The plaintiffs do not dispute that the letter fails to indicate the time or date of John Scianna's injuries, but argue that the letter provides legally sufficient notice nonetheless. Specifically, they argue that the intent of the notice requirement under the statute is to inform the municipality of the seriousness of the injuries suffered by a pedestrian, so that the municipality can allocate repairing resources properly. (They cite to Martin v. Plainville, supra, 240 Conn. 112.) Accordingly, they argue that the letter satisfies the purpose of the notice requirement by informing the municipality that John Scianna "received serious injuries" when he fell on a raised grate.
The court decides that this argument should not prevail. While our Supreme Court has held that General Statutes § 13a-149 should be construed liberally, see Pratt v. Old Saybrook, supra 225 Conn. 182-183, that court has more recently held a notice which had no description of the alleged injury was insufficient. Martin v. Plainville, supra. One could debate whether the phrase "serious injury" in the Colangelo notice was adequate,[2] but there can be no debate that the Colangelo notice failed to provide any information about the time of the alleged occurrence.
Alternatively, the plaintiffs argue that the defendant was not harmed by the insufficiency of the notice provided by the Colangelo notice because the defendant had actual notice of John Scianna's injuries. The plaintiffs submitted an affidavit of Colangelo and an affidavit of John Scianna to support their contention that the defendant had actual notice of the injuries. The affidavits noted that Norwalk had repaired the area where the alleged incident occurred and had purportedly interviewed an eyewitness to the accident. The court finds that the portion of the Scianna affidavit referring to the interview of an eyewitness is clearly inadmissible hearsay.
Furthermore, the plaintiff has provided no authority to support the contention that actual notice by a municipality may supplant the written notice required by statute, and this court is unaware of any authority. The court holds that actual notice is not a substitute which can fulfill the jurisdictional requirement of General Statutes § 13a-149. CT Page 17350 Additionally, the plaintiffs have not established that Norwalk received actual notice of all the information required by the statute.
Finally, the plaintiffs argue that even if their notice is legally insufficient, their action does not fail because the savings clause of General Statutes § 13a-149 applies to their case. The savings clause provides: "No notice given under the provisions of [§ 13a-149] shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." The plaintiffs argue that they did not exhibit an intention to mislead the defendant by the omissions in their notice. This argument is unavailing because the savings clause does not operate to validate a notice that completely fails to provide the mandated information. "The savings clause applies only where the information provided in the notice is inaccurate,
not where information is entirely absent." Martin v. Plainville, supra,240 Conn. 113. Where there is no description of the injury, or the time of the injury as here, the savings clause does not operate to save the plaintiffs' action. Because the notice provided by the Colangelo letter is legally insufficient, the plaintiffs have failed to satisfy a condition precedent to their action based on General Statutes § 13a-149. Martinv. Plainville, supra, 109.
The court has no jurisdiction over John Scianna's claim. Because Louise Scianna's claim is derivative of her husband's claim, it too must be dismissed.
ADAMS, J.