## MATTHEW SALEMME *v.* TOWN OF SEYMOUR
## (AC 21311)

Foti, Mihalakos and Dranginis, Js.

---

[16] See footnote 3.

Argued October 29—officially released December 25, 2001

*Steven P. Kulas,* for the appellant (plaintiff).

*Giovanna Trocchi Giardina,* with whom, on the brief, was *Jonathan A. Kocienda,* for the appellee (defendant).

*Opinion*

FOTI, J. The plaintiff, Matthew Salemme, appeals from the judgment of the trial court rendered on the pleadings in favor of the defendant, the town of Seymour (town). The plaintiff claims that the court improperly (1) determined that the statutorily prescribed notice that the plaintiff sent to the town was deficient as a matter of law, (2) concluded that the savings clause in General Statutes § 13a-149 did not apply to his claim, and (3) refused to allow him to amend his complaint. We affirm the judgment of the trial court.

By summons and complaint dated September 27, 1999, the plaintiff commenced this action against the

town pursuant to § 13a-149.[1] He alleged that he sustained injuries as a result of an accident on October 27, 1997, in that (1) while driving his motor vehicle on a street in the town, he attempted to stop at a stop sign and was unable to do so because of an accumulation of wet leaves and pine needles on the road, which caused his vehicle to collide with another automobile, and (2) the town should have taken appropriate measures to correct the condition or to warn him of its existence.

The plaintiff provided notice of the accident to the town, as required by § 13a-149, by letter dated November 25, 1997. The plaintiff referenced the notice in his complaint and attached it to the complaint as an exhibit. The plaintiff indicated in that notice that an accident occurred at "approximately 5:10 p.m., October 27, 1997." The plaintiff indicated that the accident occurred on Silvermine Road, and that it was caused by "the extremely slippery conditions of the road caused by wet leaves and pine needles."

On December 30, 1999, the town filed a motion to strike the complaint on the ground that the plaintiff had failed to give the town sufficient notice of the details of his claim. On July 7, 2000, the court, *Sequino, J.,* granted the motion. On July 20, 2000, the plaintiff filed a request to amend his complaint. He attached a proposed complaint that was identical to his original complaint.

[1] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . ."

He attached to that complaint, however, an amended notice of his claim, dated February 25, 2000. The amended notice indicated that the town had received it on February 28, 2000. The amended notice described the location as "Silvermine Road, Seymour, Connecticut, at its intersection with Maple Avenue, Seymour, Connecticut." The court, *Grogins, J.*, sustained the town's objection to the plaintiff's request to amend the complaint. Thereafter, on October 2, 2000, the court, *Hon. George W. Ripley II*, judge trial referee, granted the town's motion for judgment on the pleadings.[2] This appeal followed.

As a preliminary matter, we address the town's claim that the plaintiff waived his right to appeal by filing his amended pleading, which "effectively removed his original complaint and any right to appeal [from] the trial court's decision to strike it."

"As a general rule, [t]he filing of an amended pleading operates as a waiver of the right to claim that there was error in the sustaining of the [motion to strike] the original pleading. . . . *P & L Properties, Inc.* v. *Schnip Development Corp.*, 35 Conn. App. 46, 49, 643 A.2d 1302, cert. denied, 231 Conn. 913, 648 A.2d 155 (1994); see also *Royce* v. *Westport*, 183 Conn. 177, 179, 439 A.2d 298 (1981); *Good Humor Corp.* v. *Ricciuti*, 160 Conn. 133, 135, 273 A.2d 886 (1970)." (Internal quotation marks omitted.) *Parsons* v. *United Technologies Corp.*, 243 Conn. 66, 74, 700 A.2d 655 (1997). Accordingly, the town argues, if the allegations in the plaintiff's amended complaint were not materially different from those in

---

[2] Practice Book § 10-44 provides: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint, counterclaim or cross complaint has been stricken, and the party whose pleading has been so stricken fails to file a new pleading within that fifteen-day period, the judicial authority may, upon motion, enter judgment against said party on said stricken complaint, counterclaim or cross complaint."

his original complaint, the plaintiff is precluded now from challenging the court's granting of the town's motion to strike the original complaint.

The simple answer is that the court denied the plaintiff's request to file an amended complaint. Consequently, the plaintiff never actually filed the "proposed" amended complaint, and only one complaint remained in the case. Therefore, the plaintiff has not waived his right to appeal from the judgment rendered on the pleadings following the court's granting of the motion to strike the plaintiff's complaint.

I

The plaintiff first claims that the court improperly concluded that the notice was deficient as a matter of law. He argues that the notice sufficiently described the location of the accident and that whether that description was insufficient was a question of fact for the jury to decide. We do not agree.

"As a condition precedent to maintaining an action under § 13a-149, a plaintiff must provide a municipality with notice that meets statutory requirements. . . . The statute requires that the notice contain the following five essential elements: (1) written notice of the injury; (2) a general description of that injury; (3) the cause; (4) the time; and (5) the place thereof. . . . A plaintiff who fails to comply with these requirements cannot maintain a cause of action against a municipality." (Citations omitted.) *Martin* v. *Plainville*, 240 Conn. 105, 109, 689 A.2d 1125 (1997).

The sufficiency of the notice is tested with reference to the purpose for which it is required. *Warkentin* v. *Burns*, 223 Conn. 14, 18, 610 A.2d 1287 (1994). The purpose of the notice requirement, § 13a-149, "is not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise

meritorious claim. Rather, the purpose of notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests." *Pratt* v. *Old Saybrook*, 225 Conn. 177, 182, 621 A.2d 1322 (1993). Statutory notice allows the municipality to investigate promptly conditions that endanger public safety and give it an early start in assembling evidence for its defense against a meritless claim. *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 198, 592 A.2d 912 (1991). The court here properly concluded, as a matter of law, that the notice given did not serve those purposes and failed to meet the statutory requirements. The notice inadequately described the place of the occurrence. It was so broad as to be faulty, making it impossible for the town to be able to ascertain the location of the plaintiff's alleged accident. The description, for all practical purposes, was useless.[3] Therefore, it would have been inappropriate to have called upon the jury to decide the issue of sufficiency of the notice when the notice was patently deficient and inadequate as a matter of law.

## II

The plaintiff next alleges that the court improperly declined to apply favorably to his case the savings clause in § 13a-149.[4] We disagree.

The municipal highway notice requirement should be liberally construed because it contains a savings clause.

---

[3] We are not unaware that the defect complained of, "wet leaves and pine needles," would, in all probability, not have remained at the location for the municipality's viewing and inspection even if the plaintiff had given proper notice within the ninety day period provided in General Statutes § 13a-149. In applying the statute, however, we are bound to recognize its general purpose and to expect parties to comply with the statute accordingly.

[4] General Statutes § 13a-149 provides in relevant part: "No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

*Pratt* v. *Old Saybrook*, supra, 225 Conn. 183. The savings clause, however, does not extend the time within which a party asserting a claim must give adequate notice. See *Brennan* v. *Fairfield*, 58 Conn. App. 191, 199, 753 A.2d 396 (2000), rev'd on other grounds, 255 Conn. 693, 768 A.2d 433 (2001). The savings clause deals with specific deficiencies of content in a notice, but does not extend the time requirement for delivery of the notice. The plaintiff's proposed amended notice could not cure the patently deficient notice, which was insufficient as a matter of law. The statute requires the plaintiff to give adequate notice within ninety days of the accident. Therefore, pursuant to the statute, the savings clause could not apply to his claim.

### III

The plaintiff further argues that the court improperly denied his request to amend the complaint. We agree, but conclude that the court's action was harmless.

Practice Book § 10-44 allows a party whose pleading has been stricken to file a new pleading within fifteen days of such action. The court's permission is not required. The plaintiff unnecessarily filed a request to amend his complaint along with his proposed amended complaint. He filed the request within fifteen days of the court's granting of the town's motion to strike.[5] The plaintiff correctly argues that he could have filed his amended complaint without the court's permission. His proposed amended complaint, however, was identical to the "original" complaint except for the attached notice, which was improper as an untimely delivered notice. Although the plaintiff was able to amend his complaint, he was not able to validate the second notice attached thereto because he did not deliver that notice to the town within the statutory time period. The

---

[5] The court granted the motion to strike on July 7, 2000, and the plaintiff filed his request to amend and the proposed amendment on July 20, 2000.

"amended complaint," therefore, could not stand because it failed to state a claim on which relief could be granted.

The judgment is affirmed.

In this opinion the other judges concurred.