## MATTHEW SALEMME *v.* TOWN OF SEYMOUR
### (SC 16689)

Borden, Norcott, Katz, Palmer and Zarella, Js.

Argued January 17—officially released March 25, 2003

*Steven P. Kulas*, with whom, on the brief, was *Prescott W. May*, for the appellant (plaintiff).

*Giovanna Trocchi Giardina*, for the appellee (defendant).

*Opinion*

NORCOTT, J. The sole issue in this certified appeal is whether the Appellate Court, in affirming the trial court's judgment following that court's granting of the defendant's motion to strike the plaintiff's complaint, properly concluded that the savings clause of General Statutes § 13a-149[1] did not apply to the notice given to the defendant, the town of Seymour, by the plaintiff, Matthew Salemme. We conclude that the savings clause of § 13a-149 does apply to the notice given by the plaintiff and, accordingly, we reverse the judgment of the Appellate Court.

---

[1] General Statutes § 13a-149 provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. *No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby.*" (Emphasis added.)

The plaintiff instituted this action alleging that he had been injured as a result of the defendant's violation of § 13a-149 by, inter alia, failing to keep its roadway in a safe condition for travel. The plaintiff made reference in his complaint to the notice that he had given to the defendant pursuant to § 13a-149, and attached a copy of that notice to the complaint. The defendant filed a motion to strike claiming that the plaintiff had failed to comply with the notice provision of § 13a-149. The trial court granted the motion concluding that the plaintiff's notice was insufficient as a matter of law, and that the savings clause of § 13a-149 did not apply. Thereafter, the trial court denied the plaintiff's request to amend his prior complaint. The trial court subsequently rendered judgment on the pleadings in favor of the defendant. Thereafter, the plaintiff appealed from the judgment to the Appellate Court, which affirmed the judgment of the trial court. *Salemme* v. *Seymour*, 67 Conn. App. 464, 471, 787 A.2d 566 (2001). We then granted the plaintiff's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly conclude that the savings clause of General Statutes § 13a-149 did not apply to the plaintiff's notice?" *Salemme* v. *Seymour*, 259 Conn. 927, 793 A.2d 251 (2002).

The relevant facts, and additional procedural history, are set forth in the opinion of the Appellate Court. "[T]he plaintiff commenced this action against the [defendant] pursuant to § 13a-149. He alleged that he sustained injuries as a result of an accident on October 27, 1997, in that (1) while driving his motor vehicle on a street in the town, he attempted to stop at a stop sign and was unable to do so because of an accumulation of wet leaves and pine needles on the road, which caused his vehicle to collide with another automobile, and (2) the [defendant] should have taken appropriate

measures to correct the condition or to warn him of its existence.

"The plaintiff provided notice of the accident to the [defendant], as required by § 13a-149, by letter dated November 25, 1997. The plaintiff referenced the notice in his complaint and attached it to the complaint as an exhibit. The plaintiff indicated in that notice that an accident occurred at 'approximately 5:10 p.m., October 27, 1997.' The plaintiff indicated that the accident occurred on Silvermine Road, and that it was caused by 'the extremely slippery conditions of the road caused by wet leaves and pine needles.'

"On December 30, 1999, the [defendant] filed a motion to strike the complaint on the ground that the plaintiff had failed to give the [defendant] sufficient notice of the details of his claim. On July 7, 2000, the court, *Sequino, J.*, granted the motion. On July 20, 2000, the plaintiff filed a request to amend his complaint. He attached a proposed complaint that was identical to his original complaint. He attached to that complaint, however, an amended notice of his claim, dated February 25, 2000. The amended notice indicated that the [defendant] had received it on February 28, 2000. The amended notice described the location as 'Silvermine Road, Seymour, Connecticut, at its intersection with Maple Avenue, Seymour, Connecticut.' The court, *Grogins, J.*, sustained the [defendant's] objection to the plaintiff's request to amend the complaint. Thereafter, on October 2, 2000, the court, *Hon. George W. Ripley II*, judge trial referee, granted the [defendant's] motion for judgment on the pleadings. This appeal followed." *Salemme* v. *Seymour*, supra, 67 Conn. App. 465–67.

On appeal to the Appellate Court, the plaintiff claimed that the trial court improperly: (1) concluded that the notice was deficient as a matter of law because it "sufficiently described the location of the accident and that

whether that description was insufficient was a question of fact for the jury"; id., 468; and (2) declined to apply the savings clause of § 13a-149 to his case.[2] Id., 469. The Appellate Court, applying the five factor test for sufficiency of notice under § 13a-149 set forth by this court in *Martin* v. *Plainville*, 240 Conn. 105, 109, 689 A.2d 1125 (1997),[3] first determined that the plaintiff's original notice "was so broad as to be faulty, making it impossible for the [defendant] to be able to ascertain the location of the plaintiff's alleged accident . . . [making it] for all practical purposes . . . useless [and, therefore] . . . patently deficient and inadequate as a matter of law." *Salemme* v. *Seymour*, supra, 67 Conn. App. 469.

The Appellate Court then concluded that the savings clause, although dealing with "specific deficiencies of content in a notice . . . does not extend the time requirement for delivery of the notice. The plaintiff's proposed amended notice could not cure the patently deficient notice, which was insufficient as a matter of law." Id., 470. Accordingly, the Appellate Court affirmed the judgment of the trial court. Id., 471. This certified appeal followed.

Relying primarily on this court's decision in *Greenberg* v. *Waterbury*, 117 Conn. 67, 70, 167 A. 83 (1933), the plaintiff claims that, if there is a general, but indefinite description of a location given in the notice, the savings clause of § 13a-149 applies. The plaintiff contends that application of *Greenberg* is con-

---

[2] The plaintiff also claimed that the trial court improperly denied his request to amend his complaint. *Salemme* v. *Seymour*, supra, 67 Conn. App. 470.

[3] Specifically, the Appellate Court applied the following test, as set forth in *Martin* v. *Plainville*, supra, 240 Conn. 109: "The statute requires that the notice contain the following five essential elements: (1) written notice of the injury; (2) a general description of that injury; (3) the cause; (4) the time; and (5) the place thereof." (Internal quotation marks omitted.) *Salemme* v. *Seymour*, supra, 67 Conn. App. 468.

sistent with the liberal construction that this court affords the § 13a-149 savings clause. The defendant claims, in response, that *Greenberg* does not apply to the present case because: (1) it is factually distinct based on the nature of the claimed roadway defects; and (2) the notice given in that case met the intended purpose under § 13a-149 of allowing the municipality to locate and investigate the defect. We conclude that *Greenberg* is applicable to the present case.[4] Accordingly, we further conclude that the Appellate Court improperly determined that the savings clause of § 13a-149 did not apply to the plaintiff's notice.

"Before addressing the merits of the [plaintiff's claim], we set forth the standard of review applicable to an appeal challenging the trial court's granting of a motion to strike. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . [I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Thus, we assume the truth of both the specific factual allegations and any facts fairly provable thereunder. In doing so, moreover, we read the allegations broadly, rather than narrowly." (Citation omitted; internal quotation marks omitted.) *Craig* v. *Driscoll*, 262 Conn. 312, 321, 813 A.2d 1003 (2003).

Although our review of the Appellate Court's opinion in the present case is limited to whether the savings clause of § 13a-149 applies, this inquiry is necessarily

[4] We also note that *Greenberg* v. *Waterbury*, supra, 117 Conn. 67, is not discussed in the pertinent sections of the Appellate Court opinion. See *Salemme* v. *Seymour*, supra, 67 Conn. App. 468–70.

intertwined with what constitutes proper notice under that section. Accordingly, we note that "[a]s a condition precedent to maintaining an action under § 13a-149, a plaintiff must provide a municipality with notice that meets the statutory requirements. . . . The statute requires that the notice contain the following five essential elements: (1) written notice of the injury; (2) a general description of that injury; (3) the cause; (4) the time; and (5) the place thereof. . . . A plaintiff who fails to comply with these requirements cannot maintain a cause of action against a municipality." (Citations omitted.) *Martin* v. *Plainville*, supra, 240 Conn. 109.

"In determining whether the notice is sufficient, we must look to the purpose of the statute. . . . The purpose of the notice requirement is not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim. Rather, the purpose of notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests. . . . More specifically, as we recently stated in *Sanzone* v. *Board of Police Commissioners*, [219 Conn. 179, 198, 592 A.2d 912 (1991)], the statutory notice assists a town in settling claims promptly in order to avoid the expenses of litigation and encourages prompt investigation of conditions that may endanger public safety, as well as giving the town an early start in assembling evidence for its defense against meritless claims." (Citations omitted; internal quotation marks omitted.) *Pratt* v. *Old Saybrook*, 225 Conn. 177, 182, 621 A.2d 1322 (1993); id. (notice sufficient despite incorrect citation to statute that was basis for plaintiff's claim).

Under § 13a-149, inaccurate notice is not, by itself, fatal to a plaintiff's claim. The statute contains a savings clause that applies when the notice given by the plaintiff is inaccurate. It provides: "No notice given under the

provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."[5] General Statutes § 13a-149. This "savings clause applies only where the information provided in the notice is inaccurate, not where information is *entirely absent.*" (Emphasis added.) *Martin* v. *Plainville,* supra, 240 Conn. 113. For example, in *Martin,* this court declined to afford the plaintiff the "relief of the savings clause because the notice she provided *failed to give any description of the injury whatsoever* and, thus, did not comport with one of the five fundamental requirements for perfected notice." (Emphasis added.) Id.[6] Indeed, we emphasize that "entirely absent" means exactly that; one of the "five essential elements" articulated in *Martin* v. *Plainville,* supra, 109, must be completely, totally and unmistakably omitted from the plaintiff's notice. In the absence of such an omission, the savings clause of § 13a-149 could apply, depending on the facts adduced at trial.

The savings clause, therefore, operates to protect plaintiffs from having their § 13a-149 claims barred by reason of a vague, indefinite or inaccurate notice of accident location. We deem this court's decision in *Greenberg* v. *Waterbury,* supra, 117 Conn. 67, to be controlling authority on this point. In *Greenberg,* the plaintiff's decedent was injured as a result of a fall on a sidewalk in the defendant city. Id., 68. The plaintiff

---

[5] When the savings clause applies, whether the plaintiff intended to mislead the defendant, or whether the defendant was in fact misled by the inaccurate notice, are questions of fact for the trier. See *Greenberg* v. *Waterbury,* supra, 117 Conn. 70 (relying on trial court's factual findings as to whether plaintiff intended to mislead defendant, and whether defendant was actually misled).

[6] Accord *Mascagna* v. *Derby,* 123 Conn. 684, 685, 194 A. 728 (1937) (total absence of injury description); *Nicholaus* v. *Bridgeport,* 117 Conn. 398, 401, 167 A. 826 (1933) (total absence of cause of injury).

brought an action pursuant to General Statutes (1930 Rev.) § 1420, which was the statutory antecedent of § 13a-149, and contained identical notice and savings clause provisions. Id., 69. The defendant claimed that the notice provision had not been complied with because the plaintiff's notice alleged that the accident occurred " 'upon a sidewalk of a highway known as North Elm Street.' " Id.

This court concluded that it could not "agree with [the] defendant's contention that the location of the accident was not even inaccurately stated. The complaint alleged that the accident happened upon the sidewalk of North Elm Street, thus giving a general though obviously an indefinite location of the place, and one that was insufficient to give the defendant the required statutory notice." Id., 70. The court, however, concluded that the plaintiff's recovery was protected by the savings clause. Id., 71. It noted that the "[t]he trial court has found as a fact that there was no intention on the part of the plaintiff to mislead the city, that the latter was not in fact misled, and that the failure to describe accurately the place of the accident did not operate in any substantial degree to prevent the city from protecting itself in this action." Id., 70.

We conclude that this court's conclusion in *Greenberg* is controlling and that, therefore, the savings clause is applicable in the present case. The location description of the accident in the present case, "Silvermine Road, Seymour, Connecticut," is similar to and as indefinite as that at issue in *Greenberg*, which was " 'upon a sidewalk of a highway known as North Elm Street.' " Id., 69. Both descriptions lack useful identifying information such as cross streets, address numbers or geographical landmarks. Thus, we cannot conclude that the plaintiff's provision of the street name, without more, renders the location element of the notice "entirely absent"; *Martin* v. *Plainville*, supra,

240 Conn. 113; thereby precluding the application of the § 13a-149 savings clause. Moreover, our conclusion is guided by the well established principle that, in actions arising under § 13a-149, the savings clause "[a]lthough . . . limited in terms of the types of defects covered . . . demonstrates that the legislature intended that compliance with the notice requirement be liberally construed in favor of the plaintiff."[7] *Pratt* v. *Old Saybrook,* supra, 225 Conn. 182–83.

The defendant contends, nonetheless, that *Greenberg* does not apply to the present case because: (1) the defects at issue here are materially distinct; and (2) the notice given in that case met its intended purpose of allowing the municipality to locate and investigate the defect. We disagree. In *Greenberg* v. *Waterbury,* supra, 117 Conn. 71, the alleged defect was a six to eight inch rise in the sidewalk surface that had developed because of a tree root growing underneath the concrete surface, a condition that had existed for more than two years. This court noted that a few days after the plaintiff had filed notice in *Greenberg,* the defendant's investigators were able to locate the scene of the accident. Id. The court concluded that this evidence supported the trial court's factual conclusion that the defendant was not misled by the defective notice. Id.

In the present case, the claimed defect was a slippery condition caused by piles of wet leaves and pine needles

---

[7] We note that § 13a-149 is liberally construed, particularly when compared to General Statutes § 13a-144, the companion statute providing for liability as a result of defects on state highways. The "state highway notice requirement must be strictly construed since § 13a-144, unlike § 13a-149, does not contain a saving clause. A necessary corollary to this is that the municipal highway notice requirement should be liberally construed since it, unlike § 13a-144, does contain a saving clause." *Pratt* v. *Old Saybrook,* supra, 225 Conn. 183; see also *Bresnan* v. *Frankel,* 224 Conn. 23, 26 n.3, 615 A.2d 1040 (1992). Accordingly, we note that courts called upon to construe these statutes should be aware of this analytical dichotomy, and recognize the limited precedential value of a § 13a-144 case in the § 13a-149 context, and vice versa.

in the roadway. The defendant contends that a person of ordinary intelligence, using ordinary diligence, would, using the same location information, be better able to locate and investigate the sidewalk defect that occurred in *Greenberg*, than the leaves in the present case. While we do not dispute that a six to eight inch rise in sidewalk pavement is certainly easier to find than a pile of leaves subject to movement and erosion by wind, rain and traffic, this distinction does nothing to inform our assessment in the present case, in which sufficiency of the notice is not at issue. Indeed, our savings clause analysis was triggered by our acceptance of the Appellate Court's conclusion that the notice was insufficient. Moreover, it would be premature for us, at this juncture, to address the significance of the type of claimed defect; this case has not yet been tried, and whether the defendant was misled by the inaccurate notice is a question of fact for the trier. See footnote 5 of this opinion. We, therefore, conclude that the Appellate Court improperly determined that the savings clause of § 13a-149 did not apply to the present case.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the judgment of the trial court, and to remand the case to the trial court for further proceedings according to law.

In this opinion the other justices concurred.