## CYNTHIA ORTIZ v. THE METROPOLITAN DISTRICT ET AL.
## (AC 33988)

Beach, Bear and Espinosa, Js.

Submitted on briefs September 17—officially released December 11, 2012

*Frank J. McCoy, Jr.*, and *Alexander J. Sarris* filed a brief for the appellant (plaintiff).

*Jack G. Steigelfest* and *Thomas P. Cella* filed a brief for the appellee (defendant the Metropolitan District).

*Opinion*

BEAR, J. The plaintiff, Cynthia Ortiz, appeals from the judgment of the trial court dismissing her cause of action against the defendant, the Metropolitan District (district),[1] for failure to comply fully with the notice provision of General Statutes § 13a-149.[2] On appeal, the plaintiff claims that the court's dismissal was improper

---

[1] Although not all counts of the complaint were resolved at the time this appeal was filed, the dismissal of the plaintiff's cause of action against the district is a final judgment because it disposed of the plaintiff's only claim against the district. See Practice Book § 61-3. The city of Hartford (Hartford) and the department of transportation (department) also were defendants in the trial court. Before this appeal was taken, however, the plaintiff withdrew her cause of action against the department. Hartford remains a defendant in the trial court but is not a party to this appeal.

[2] General Statutes § 13a-149 provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

because (1) her complaint also sounded in common-law negligence against the district and (2) the notice she provided to the district was sufficient to comply with § 13a-149. After thoroughly reviewing the record in this case and all relevant case law, we conclude that § 13a-149 provides the exclusive remedy in this municipal highway defect case and that the notice provided to the district by the plaintiff was insufficient as a matter of law. We further conclude that we are bound by the decision of our Supreme Court in *Ferreira* v. *Pringle*, 255 Conn. 330, 354, 766 A.2d 400 (2001), holding that the trial court does not have subject matter jurisdiction in a case controlled by § 13a-149 if the plaintiff fails to provide sufficient notice to the defendant municipality. Accordingly, we affirm the judgment of the trial court.

In her complaint, the plaintiff alleges, in relevant part, that the district owned and controlled a water line and gate box cover at the intersection of Main and Pratt Streets in Hartford, and that on or about April 13, 2009, the cover was off, exposing a hole in the middle of the street. The plaintiff further alleges that, as she was walking across the street, she stepped into the hole, fell and suffered serious injuries to her leg, ankle, shin, toe, tibia, neck, shoulder and back.

On June 14, 2011, the district filed a motion to dismiss, alleging that the court lacked subject matter jurisdiction over this case because the plaintiff's notice to the district was insufficient,[3] failing to meet the requirements

---

[3] The plaintiff's notice to the district, a copy of which was attached to the plaintiff's complaint, provides the following:

"Re: Date of Accident   -4/13/2009
    "Claimant           -Cynthia Ortiz
    "Premises           -Main St in the area of Pratt St in Hartford CT
"Dear Sir/Madam:

"I represent the above named claimant who was injured while crossing Main St in the area of Pratt St in Hartford, CT and fell into a hole owned and/or controlled by you on the above date.

"As a result of the defective condition of these premises my client has suffered injuries. My client will be making a claim for damages. Please refer

of § 13a-149. The plaintiff objected, arguing, in part, that the notice she provided to Hartford was sufficient to satisfy the notice requirements under § 13a-149 and that she did not need to provide the same detailed notice to the district. On September 13, 2011, the court granted the district's motion to dismiss, concluding that the plaintiff's exclusive remedy was pursuant to § 13a-149, that it lacked subject matter jurisdiction because the plaintiff's notice to the district was insufficient and that the statutory savings provision did not apply because the notice was "devoid of any description of the injury suffered by the plaintiff whatsoever."[4] This appeal followed.

Initially, we conclude that it is necessary to discuss the court's determination that it lacked subject matter jurisdiction over the plaintiff's cause of action against the district because the plaintiff's notice did not comply fully with § 13a-149. Although we are aware of other decisions of our Supreme Court, some of which are discussed in footnote 5 of this opinion, that do not treat the question of insufficient notice in a § 13a-149 action

this letter [to] your insurance company so as to put them on proper notice of this claim.

"We are requesting, at this time, for you to save all evidence that you now possess or in the future possess of the facts and scene of this accident including but not limited to pictures of the scene, video, vehicles, area, people and/or products involved in this accident, statements taken and any electronic data. All electronic data should be preserved in its original form. If you have any questions with regard to what materials we are asking that you preserve, or if you have any objections to the preservation of said material, please contact me so that we can construct a mutually acceptable agreement with regard to the preservation of the above data.

"If an accident report was generated with reference to this accident, please provide me with a copy. Also, if your premise[s] has a medical payments policy, please contact me with the appropriate paperwork necessary to initiate a claim for medical payments. If I do not hear from you or your insurance company in [thirty] days from receipt of this letter, I will assume you do not have insurance and proceed accordingly."

[4] Citing to our Supreme Court's decision in *Rocky Hill Convalescent Hospital, Inc.* v. *Metropolitan District*, 160 Conn. 446, 450, 280 A.2d 344 (1971), the court also found that the district is a municipal corporation.

as a deprivation of the trial court's subject matter juris-
diction, and that do not determine that a motion to
dismiss is the proper procedural vehicle to raise the
issue of insufficient notice, we conclude that we are
bound by our Supreme Court's decision in *Ferreira* v.
*Pringle*, supra, 255 Conn. 354. But see *Vejseli* v. *Pasha*,
282 Conn. 561, 573 n.11, 923 A.2d 688 (2007).[5]

---

[5] In *Vejseli* v. *Pasha*, supra, 282 Conn. 573 n.11, our Supreme Court
explained that case law often conflates the subject matter jurisdiction ques-
tion that flows from the state's sovereign immunity with the liability question
that flows from a municipality's governmental immunity, albeit not in the
context of § 13a-149. The court explained: "In support of their claim that
governmental immunity includes immunity from suit, the defendants rely
on *Pane* v. *Danbury*, [267 Conn. 669, 677, 841 A.2d 684 (2004)], wherein we
concluded, inter alia, that the plaintiff could not bring an invasion of privacy
action against her city employer, because '[t]he plaintiff ha[d] not cited any
statute abrogating governmental immunity to the tort of invasion of privacy.'
The defendants . . . specifically rely on our statement in *Pane* v. *Danbury*,
supra, 678, that 'count one did not state a cause of action and, even if it
did, the plaintiff has not cited any statute allowing her to sue the city for
invasion of privacy.' . . . *Pane* is inapposite because it did not address
specifically the distinction between immunity from suit and immunity from
liability with respect to municipalities. Moreover, the defendants read this
language out of context, as the language immediately preceding it quotes
*Spears* v. *Garcia*, [263 Conn. 22, 28, 818 A.2d 37 (2003)], for the proposition
that '[t]his court has previously stated that [a] municipality itself was gener-
ally immune from liability for its tortious acts at common law. . . . We have
also recognized, however, that governmental immunity may be abrogated by
statute. . . . Thus, the general rule developed in our case law is that a
municipality is immune from liability for [its tortious acts] unless the legisla-
ture has enacted a statute abrogating that immunity.' . . . *Pane* v. *Danbury*,
supra, 677.

"We similarly disagree with the defendants' reliance on language in certain
Appellate Court decisions stating that: 'It is well established that the state
or a city is immune from suit unless it consents to be sued by appropriate
legislation waiving sovereign immunity in certain prescribed cases. See
*Baker* v. *Ives*, 162 Conn. 295, 298, 294 A.2d 290 (1972). Thus, in a case where
a government is the defendant, courts do not have subject matter jurisdiction
unless such jurisdiction is statutorily conferred. The legislature, however,
has carved out certain statutory exceptions to the general rule of sovereign
immunity and allowed governmental entities to be sued under certain limited
circumstances. *Berger, Lehman Associates, Inc.* v. *State*, 178 Conn. 352,
356, 422 A.2d 268 (1979) . . . .' *Witczak* v. *Gerald*, 69 Conn. App. 106, 110–11,
793 A.2d 1193 (2002), quoting *Brennan* v. *Fairfield*, 58 Conn. App. 191, 195,
753 A.2d 396 (2000), rev'd on other grounds, 255 Conn. 693, 768 A.2d 433
(2001); see *Novicki* v. *New Haven*, 47 Conn. App. 734, 738, 709 A.2d 2 (1998)
(same); see also *Mazurek* v. *East Haven*, 99 Conn. App. 795, 797, 916 A.2d
90 (citing state highway defect case in support of proposition that 'doctrine

The plaintiff claims that her cause of action against the district sounds in common-law negligence, and, therefore, the trial court improperly dismissed it. We disagree and conclude that the court's holding that the

of governmental immunity . . . implicates subject matter jurisdiction and therefore must be determined in favor of the plaintiff before any of the issues in the appeal can be addressed'), cert. denied, 282 Conn. 908, 920 A.2d 1017 (2007). Although this language undoubtedly appears helpful to the defendants' case, it also is the product of the Appellate Court's misreading of *Baker* v. *Ives*, supra, 298, which was a case involving the state highway defect statute, General Statutes § 13a-144 and not governmental immunity as it pertains to municipalities." *Vejseli* v. *Pasha*, supra, 282 Conn. 573 n.11.

We are mindful that such confusion in the context of § 13a-149 also seems apparent. For example, in *Ferreira* v. *Pringle*, supra, 255 Conn. 354, our Supreme Court held that because the plaintiff did not comply with the notice provisions of § 13a-149, the trial court lacked subject matter jurisdiction over the matter. In *Salemme* v. *Seymour*, 262 Conn. 787, 817 A.2d 636 (2003), however, there was no mention of subject matter jurisdiction. In *Salemme*, the trial court granted the defendant's motion to strike on the ground that the plaintiff's § 13a-149 notice was insufficient. We affirmed the decision of the trial court; see *Salemme* v. *Seymour*, 67 Conn. App. 464, 471, 787 A.2d 566 (2001), rev'd, 262 Conn. 787, 817 A.2d 636 (2003); but the Supreme Court reversed, concluding that, although notice was insufficient, the savings clause contained in § 13a-149 was applicable. *Salemme* v. *Seymour*, supra, 262 Conn. 797.

In *Martin* v. *Plainville*, 240 Conn. 105, 107, 689 A.2d 1125 (1997), the trial court granted the town's motion to strike the complaint on the ground that the plaintiff's notice to the town was insufficient because it failed to include a general description of her injuries as required by the statute. We upheld the trial court's judgment; *Martin* v. *Plainville*, 40 Conn. App. 179, 182–83, 669 A.2d 1241 (1996), aff'd, 240 Conn. 105, 689 A.2d 1125 (1997); and the Supreme Court affirmed, concluding that the notice sent to the town pursuant to § 13a-149 was defective and not salvageable by the savings provision. *Martin* v. *Plainville*, supra, 240 Conn. 107–13. Again, there was no discussion of subject matter jurisdiction; this court and the Supreme Court concluded that the trial court properly granted the town's motion to strike, thereby implying that the trial court had subject matter jurisdiction despite the absence of proper notice under § 13a-149. See also *Marino* v. *East Haven*, 120 Conn. 577, 578, 580–81, 182 A. 225 (1935) (trial court properly granted demurrer on ground that written notice indicating plaintiff " 'fell and was injured' " was insufficient as matter of law due to lack of general description of plaintiff's injuries); *Nicholaus* v. *Bridgeport*, 117 Conn. 398, 401–402, 167 A. 826 (1933) (trial court properly set aside jury verdict on ground that plaintiff failed to state cause of injury in her statutory notice); *Shapiro* v. *Hartford*, 4 Conn. App. 315, 318, 494 A.2d 590 (court properly directed verdict when plaintiff failed to introduce evidence that would invoke savings clause of § 13a-149, after having failed to provide correct date of injury in notice to city in accordance with statute), cert. denied, 197 Conn. 810, 499 A.2d 61 (1985).

plaintiff's exclusive remedy in this case is under the highway defect statute, § 13a-149, is fully supported by our case law. See *Ferreira* v. *Pringle,* supra, 255 Conn. 340 (action under §13a-149 is plaintiff's exclusive remedy against municipality for injury resulting from defective highway); *Pratt* v. *Old Saybrook,* 225 Conn. 177, 180, 621 A.2d 1322 (1993) ("an action under the highway defect statute, § 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge" [internal quotation marks omitted]); *Sanzone* v. *Board of Police Commissioners,* 219 Conn. 179, 192, 592 A.2d 912 (1991) (same).

The plaintiff next claims that the notice she provided to the district was sufficient to satisfy § 13a-149. This issue was discussed fully by our Supreme Court in *Martin* v. *Plainville,* 240 Conn. 105, 108, 689 A.2d 1125 (1997).[6] As in the present case, the plaintiff in *Martin,* in an action also brought pursuant to § 13a-149, provided written notice to the municipality that stated that the plaintiff " 'was injured . . . .' " Id., 107. Our Supreme Court held that such notice lacked " 'a general description' " of the plaintiff's injuries as a matter of law; id., 108; and, despite a vigorous dissent by Justice Berdon; see id., 114–19; because the notice failed to set forth any description of the injuries sustained, rather than an inaccurate description, the cause of action could not be salvaged by the savings clause contained in § 13a-149. Id., 113; see also *Marino* v. *East Haven,* 120 Conn. 577, 578, 580–81, 182 A. 225 (1935) (holding that notice provided by plaintiff that alleged she " 'was injured' "

---

[6] The five factor test for sufficiency of notice under § 13a-149 was set forth in *Martin* v. *Plainville,* supra, 240 Conn. 109: "The statute requires that the notice contain the following five essential elements: (1) written notice of the injury; (2) a general description of that injury; (3) the cause; (4) the time; and (5) the place thereof." Id.

as result of fall was insufficient, as matter of law, and precluded invocation of savings clause). Accordingly, the plaintiff's claim has no merit.

The judgment is affirmed.

In this opinion the other judges concurred.