******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MARJORIE BEEMAN *v.* TOWN OF STRATFORD
(AC 36265)

Beach, Sheldon and Dupont, Js.

*Argued January 22—officially released June 2, 2015*

(Appeal from Superior Court, judicial district of
Fairfield, Levin, J. [motion to dismiss, motion to
reargue]; Radcliffe, J. [motion to set aside verdict and
for new trial].)

*James Donohue*, with whom, on the brief, was *Christopher G. Ciancanelli*, for the appellant (defendant).

*Jeremy C. Virgil*, with whom was *Gregory Bennici*,
for the appellee (plaintiff).

*Opinion*

BEACH, J. The defendant, the town of Stratford, appeals from the judgment of the trial court rendered after a jury verdict in favor of the plaintiff, Marjorie Beeman. The defendant claims that the court erred in: (1) deciding the sufficiency of notice provided pursuant to General Statutes § 13a-149 as a matter of law rather than presenting the issue to the jury; (2) granting the plaintiff's motion to reargue the defendant's motion to dismiss and vacating its prior ruling granting the motion to dismiss; and (3) denying the defendant's motion to set aside the verdict and for a new trial. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. In her amended complaint,[1] the plaintiff alleged that she sustained injuries on April 17, 2009, when she tripped and fell while walking along an uneven stretch of sidewalk in Stratford. The plaintiff alleged that the defendant breached its duty to keep the sidewalk in repair pursuant to § 13a-149.[2]

In an attempt to comply with the statutory requirement of § 13a-149, the plaintiff notified the defendant of her fall and injuries by a letter sent on May 19, 2009. The letter, a copy of which was later attached to the plaintiff's complaint, stated: "Please be advised that this office represents the interests of [the plaintiff] relative to personal injuries she sustained on April 17, 2009 when she tripped on a raised piece of sidewalk located along Lordship Boulevard across the street from South Auto Sales in the Town of Stratford, Connecticut. *As a result of the fall,* [*the plaintiff*] *sustained injuries to her head, left wrist, left hand, left arm, ribs and both knees.* In accordance with Connecticut General Statutes Section 13a-149 and on behalf of [the plaintiff], please be advised of our intention to commence a lawsuit arising from this incident against the Town of Stratford in a Connecticut court of competent jurisdiction within two years of its occurrence or by April 17, 2011." (Emphasis added.)

The defendant filed a motion to dismiss the first count of the plaintiff's complaint in May, 2011, arguing that the court lacked subject matter jurisdiction because the notice of the plaintiff's injuries was insufficient under § 13a-149. After oral argument, the court, *Levin, J.*, granted the May, 2011 motion to dismiss, holding that the general description of the plaintiff's injuries was legally insufficient under § 13a-149. The plaintiff filed a motion to reargue and reconsider the defendant's motion to dismiss pursuant to Practice Book § 11-12. The plaintiff also filed an amended complaint, which included the previously dismissed first count. The defendant filed a motion to dismiss the amended complaint in response (second motion to dismiss).

In January, 2012, the court granted the plaintiff's motion to reargue and reconsider and vacated its decision with regard to the first motion to dismiss.[3] The court also denied the second motion to dismiss. The defendant filed two additional motions to reargue and reconsider, which were denied by the court, *Radcliffe, J.*

The case went to trial before a jury. The plaintiff issued a subpoena to the defendant's town clerk to testify regarding the notice, but she was unavailable. The court then, outside the presence of the jury, ordered the defendant to call a town attorney as a witness to present evidence on the question of whether the defendant was misled by the plaintiff's notice. John Florek, a town attorney, testified about the defendant's procedure for investigation following receipt of statutory notice pursuant to § 13a-149. He testified that the defendant had not been misled; it customarily investigated a claimant's injury only after an action was commenced. The defendant informed the court that it did not intend to present any witnesses who would testify that the it had been misled. The court then ruled that the notice provided by the plaintiff was sufficient as a matter of law to satisfy the statutory requirements of § 13a-149 and that the sufficiency of notice issue did not present a question of fact for the jury.[4]

The defendant moved for a directed verdict after the close of all the evidence, arguing that "the plaintiff had failed to prove that the defendant's failure to remedy the alleged defect was the sole proximate cause of her injury." The court denied the defendant's motion, and the case was submitted to the jury. The jury returned a verdict in favor of the plaintiff and awarded her damages in the amount of $63,468.07. The defendant filed a motion to set aside the verdict and for a new trial, which the court denied after oral argument. This appeal followed. Additional facts will be discussed as necessary.

I

The defendant claims that the court erred in failing to present to the jury the question of whether the notice to the defendant was sufficient under § 13a-149. The defendant argues that even if the court, as a gatekeeper, had found that the notice met the requirements of § 13a-149, it still should have presented the question to the jury as the trier of fact. We disagree.

We first discuss our standard of review. Whether the court correctly decided the issue of statutory notice as a matter of law, rather than submitting it to a jury, is a legal question, of which our review is plenary. "The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such

findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *MSO, LLC* v. *DeSimone*, 313 Conn. 54, 62, 94 A.3d 1189 (2014).

In a trial by jury, generally, questions of law are decided by the court while questions of fact are reserved for the jury. General Statutes § 52-216. "Litigants have a constitutional right to have factual issues as to which reasonable people may reach different conclusions resolved by the jury. . . . The trial court's role is to decide whether, viewing the evidence in the light most favorable to the plaintiff, the jury could have reasonably and legally reached only one conclusion." (Citation omitted.) *Phinney* v. *Casale*, 40 Conn. App. 495, 499–500, 671 A.2d 851 (1996). Where facts essential to the determination of a material issue are not in dispute, a purely legal question is presented, which should be resolved by the court. See *Morin* v. *Bell Court Condominium Assn., Inc.*, 25 Conn. App. 112, 115, 593 A.2d 147 (1991), aff'd, 223 Conn. 323, 612 A.2d 1197 (1992); *Citicorp Mortgage, Inc.* v. *Porto*, 41 Conn. App. 598, 602, 677 A.2d 10 (1996) ("[w]here the question whether proper notice was given depends on the construction of a written instrument or the circumstances are such as lead to only one reasonable conclusion, it will be one of law." [internal quotation marks omitted]).

"Under the common law, municipalities enjoyed immunity for injuries caused by defective highways. . . . This immunity has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway. . . . Section 13a-149 provides the exclusive remedy for a person seeking redress against a municipality for such injuries." (Citations omitted.) *Martin* v. *Plainville*, 240 Conn. 105, 109, 689 A.2d 1125 (1997). "The word 'road' as used in [§ 13a-149] has usually been construed to include a sidewalk." *Hornyak* v. *Fairfield*, 135 Conn. 619, 621, 67 A.2d 562 (1949). "Under § 13a-149, the plaintiff must provide statutory notice within ninety days of the accident in order for an action to lie for damages caused by a defective highway that the town must maintain. [T]he notice which the statute prescribes comprehends five essential elements: (a) written notice of the injury; (b) a general description of that injury; (c) the cause; (d) the time [and date], and (e) the place thereof. . . .

"The purpose of the notice requirement is not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim. Rather, the purpose of notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect

its financial interests. . . . More specifically . . . the statutory notice assists a town in settling claims promptly in order to avoid the expenses of litigation and encourages prompt investigation of conditions that may endanger public safety, as well as giving the town an early start in assembling evidence for its defense against meritless claims." (Citations omitted; internal quotation marks omitted.) *Pratt* v. *Old Saybrook*, 225 Conn. 177, 182, 621 A.2d 1322 (1993).

The savings clause of § 13a-149 provides: "*No notice given under the provisions of this section shall be held invalid or insufficient* by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, *if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby*." (Emphasis added.) "This savings clause applies only where the information provided in the notice is inaccurate, not where information is *entirely absent*. . . . Indeed, we emphasize that entirely absent means exactly that; one of the five essential elements . . . must be completely, totally and unmistakably omitted from the plaintiff's notice. In the absence of such an omission, the savings clause of § 13a-149 could apply, depending on the facts adduced at trial. The savings clause, therefore, operates to protect plaintiffs from having their § 13a-149 claims barred by reason of a vague, indefinite or inaccurate notice of accident location." (Citations omitted; emphasis in original; footnote omitted; internal quotation marks omitted.) *Salemme* v. *Seymour*, 262 Conn. 787, 794, 817 A.2d 636 (2003).

The following additional facts are necessary to the resolution of this claim. When it was reported to the court that the town clerk was unavailable to testify at trial, the court asked that the defendant present a town attorney to testify on the question of whether the defendant had any evidence that the plaintiff had intended to mislead it with her notice or whether the defendant had in fact been misled by the plaintiff's notice. Florek, a town attorney, testified: "The town attorney's office has not been misled by the description of the injuries. As an operating procedure in our office when we receive these notices we perform an investigation. But in the initial instance, that investigation is pretty much limited to the inspection of the area of the fall, photographs identifying a defect, et cetera, et cetera. Really any description of the injuries suffered—those descriptions don't normally mislead us at that point in time because we normally wait until suit is actually brought and the discovery process is—takes place in order to gather all the medical data." Counsel for the defendant informed the court that it did not intend to offer any additional evidence that would negate the savings clause. The court decided that the sufficiency of the notice was, therefore, not in dispute, and because there was no question of fact to present to the jury, the court decided

as a matter of law that, in light of the savings clause, the notice was sufficient.

We conclude that the court did not err in deciding the question as a matter of law rather than submitting it to a jury as a question of fact. The court interpreted the savings clause to excuse any vagueness or inaccuracy in the plaintiff's notice, so long as there was some level of description and the plaintiff neither intended to mislead nor actually misled the defendant. The court held that, in light of Florek's testimony and the absence of any other testimony, there was no question of fact to be resolved. We agree.

The letter that the plaintiff sent to the town clerk provided a general, although quite vague, description of the plaintiff's injuries: "injuries to her head, left wrist, left hand, left arm, ribs and both knees." This is not a case where even a general description was entirely absent.[5] There are cases, to be sure, in which notices stating only that the plaintiff has been injured have been held to be insufficient. See *Martin* v. *Plainville*, supra, 240 Conn. 107 (" 'injuries she sustained in a fall' "); *Marino* v. *East Haven*, 120 Conn. 577, 182 A. 225 (1935) ("fell and was injured"); *Ortiz* v. *The Metropolitan District*, 139 Conn. App. 487, 489 n.3, 56 A.3d 952 (2012) (" 'has suffered injuries' "). Because there was at least some description of the injuries in the present case, the court properly proceeded to evaluate whether the savings clause of § 13a-149 applied, i.e., whether the defendant had been misled or had any reason to believe that the plaintiff intended to mislead the defendant with her notice.[6]

The court then correctly decided that the savings clause was satisfied, and thus, that the notice was sufficient as a matter of law. There was no evidence to support any inference other than that the savings clause had been satisfied: Florek's testimony dispelled any doubt as to whether the defendant had, in fact, been misled by any lack of detail in the plaintiff's notice, and the defendant had no other evidence to show that the plaintiff intended to mislead or that the defendant was actually misled by her description of her injuries. Any inaccuracy or vagueness in the general description of the injuries was therefore vitiated by the savings clause, and, as no facts were in dispute, the court decided the issue as a matter of law. See *Morin* v. *Bell Court Condominium Assn.*, supra, 25 Conn. App. 115. Accordingly, we conclude that the court did not err in deciding as a matter of law that there was sufficient notice of the plaintiff's injuries under the savings clause of § 13a-149.

II

The defendant claims that the court erred in granting the plaintiff's motion to reargue the first motion to dismiss and vacating its decision granting the defendant's motion. In granting the first motion to dismiss,

the court, *Levin, J.*, found that the description of the injuries in the plaintiff's notice was insufficient to meet the standard set forth in *Martin* v. *Plainville*, 240 Conn. 107, 111–12, 689 A.2d. 1125 (1997):[7] "As a matter of fundamental fairness, a municipality should be sufficiently apprised of a general description of a plaintiff's alleged injuries so that it can assess its exposure and allocate resources, which may be scarce in smaller towns, to facilitate an appropriate investigation and the hastening of a possible settlement. . . . Indeed, the entire strategy of a town's legal defense might well be predicated on the nature of the injuries alleged. For example, a town might handle a claim alleging a hairline fracture of the small toe quite differently than one alleging a serious injury to the brain. The requirement that the plaintiff give a general description of the injury is a reasonable compromise between the giving of no description and the giving of a very specific one." (Citations omitted.)

In granting the motion to reargue and vacating its decision as to the first motion to dismiss, the court relied on *Salemme* v. *Seymour*, supra, 262 Conn. 794 ("[t]he savings clause . . . operates to protect plaintiffs from having their § 13a-149 claims barred by reason of a vague, indefinite or inaccurate notice"), and found that the plaintiff's description of her injuries at least triggered consideration of the savings clause in § 13a-149: "Here, the information about the plaintiff's injury was vague and indefinite. It was not entirely absent. [T]here is no claim or argument that [there was an intention] to mislead nor that the defendant in fact, was misled. I find that the savings provision is applicable here and saves any deficiency in the notice." The court then denied the second motion to dismiss on the same ground.

Our standard of review regarding challenges to a trial court's ruling on a motion to reargue is abuse of discretion. See *Barzetti* v. *Marucci*, 66 Conn. App. 802, 808, 786 A.2d 432 (2001). "When reviewing a decision for an abuse of discretion, every reasonable presumption should be given in favor of its correctness. . . . As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did." (Internal quotation marks omitted.) *Roe # 1* v. *Boy Scouts of America Corp.*, 147 Conn. App. 622, 647, 84 A.3d 443 (2014).

"[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address alleged inconsistencies in the trial court's memorandum of decision as well as claims of law that the [movant] claimed were not addressed by the court.

. . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple or to present additional cases or briefs which could have been presented at the time of the original argument." (Citation omitted; Internal quotation marks omitted.) *Opoku* v. *Grant*, 63 Conn. App. 686, 692–93, 778 A.2d 981 (2001).

The defendant argues that no law was overlooked at the oral argument on the first motion to dismiss, nor was there any misapprehension of the facts. In her motion to reargue, the plaintiff asserted that in its memorandum of decision granting the first motion to dismiss, the court did not address the savings clause of § 13a-149. We do not find that the court abused its discretion in reexamining the law and vacating its decision. If a court believes that it has made a mistake, there is little reason, in the absence of compelling circumstances to the contrary, to stick slavishly to a mistake.[8]

The defendant argues that the court improperly relied on language from *Salemme* that referred to the location of the accident, rather than the general description of the injuries. We disagree. In *Salemme*, our Supreme Court referred generally to all of the elements in § 13a-149, and referred specifically to the location of the accident because that was the issue in that case: "[W]e emphasize that 'entirely absent' means exactly that; one of the 'five essential elements' articulated in *Martin* . . . must be completely, totally and unmistakably omitted from the plaintiff's notice. In the absence of such an omission, the savings clause of § 13a-149 could apply, depending on the facts adduced at trial. The savings clause, therefore, operates to protect plaintiffs from having their § 13a-149 claims barred by reason of a vague, indefinite or inaccurate notice of accident location." *Salemme* v. *Seymour*, supra, 262 Conn. 793–94.[9] In reconsidering whether the notice was sufficient to meet the statutory requirements of § 13a-149, the court found that the notice included a description of the plaintiff's injuries, but the description was vague, and, therefore, the court applied the savings clause.[10]

We conclude that it was not an abuse of discretion for the court to grant the plaintiff's motion to reargue and reconsider.

### III

The defendant finally claims that the verdict was improper and therefore should have been set aside and a new trial granted, because the plaintiff was contributorily negligent. Specifically, it claims that the plaintiff was "power walking" and looking straight ahead rather than down when she fell, and it was unreasonable for the jury to have found that a sidewalk defect was the sole proximate cause of her injuries. We disagree.

We begin by setting forth our standard of review.

"The standard of review governing our review of a trial court's denial of a motion to set aside the verdict is well settled. The trial court possesses inherent power to set aside a jury verdict which, in the court's opinion, is against the law or the evidence. . . . [The trial court] should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach [its] conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles . . . . Ultimately, [t]he decision to set aside a verdict entails the exercise of a broad legal discretion . . . that, in the absence of clear abuse, we shall not disturb." (Internal quotation marks omitted.) *Froom Development Corp.* v. *Developers Realty, Inc.*, 114 Conn. App. 618, 625–26, 972 A.2d 239, cert. denied, 293 Conn. 922, 980 A.2d 909 (2009).

The following additional facts are necessary to the resolution of this claim. The plaintiff testified that she was walking on the sidewalk when her foot hit something, causing her to fall. The plaintiff presented six color photographs of the claimed defect in the sidewalk, as well as a printout from Google Earth that displayed the defect. The defendant's engineer, John Casey, estimated that the difference in elevation between the two pieces of concrete in the sidewalk where the plaintiff tripped was about one inch. Casey testified that town sidewalks would be inspected by a construction inspector only if there was an ongoing project or a complaint by a resident. Records of sidewalk inspections were kept only for those that followed complaints. Casey also testified that his employees were not trained to report defects that they came across on their own. Neither Casey nor Maurice McCarthy, the defendant's director of public works, found any record of construction, inspection, or repair of the sidewalk in the area of 555 Lordship Boulevard, the location of the plaintiff's fall, prior to her accident.

We conclude, based on our review of the record, that the jury had ample evidence before it that the defendant failed to maintain the sidewalk and that such failure was the sole proximate cause[11] of the plaintiff's injuries. The evidence showed that the plaintiff tripped on a raised portion of the sidewalk, that the defendant had a duty to inspect and to maintain the sidewalk, and that there was no procedure in place for the defendant to inspect its sidewalks independent of resident complaints. The finder of fact was not obligated to find that the plaintiff had failed to exercise reasonable care, and it did not so find. The court, therefore, did not abuse its discretion in denying the defendant's motion to set aside the verdict and for a new trial.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff's amended complaint contained a second count in which she alleged in the alternative that the defendant permitted and/or maintained a defective condition causing a nuisance. The court, *S. Richards, J.*, granted the defendant's motion for summary judgment regarding the nuisance count, and the plaintiff proceeded solely on the first count. No issue as to the nuisance count is presented on appeal.

[2] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

[3] The court did not hear oral argument on the motion to reargue and reconsider.

[4] The court's ruling suggests both that the notice of the plaintiff's injuries was sufficient and that the requirements of the savings clause were fulfilled. We interpret the court's statements to mean that it determined that the notice of the plaintiff's injuries was, at a minimum, sufficient for consideration of the savings clause.

[5] Because we agree that the saving clause excuses any deficiencies in the plaintiff's notice, we need not decide whether the notice was sufficient to satisfy the general description requirement of § 13a-149 without the savings clause.

As an aside, the underlying reasons for the general description of the injuries as described in *Martin* v. *Plainville*, supra, 240 Conn. 111, "to assess its exposure and allocate resources . . . to facilitate an appropriate investigation and the hastening of a possible settlement," do not seem to be of pressing concern in this case. Florek stated that the initial investigation concerns the site of the fall; the investigation into a plaintiff's injuries does not occur until an action is brought and the discovery process is under way.

[6] A function of the savings clause is to avoid dismissal of claims for which the notice is, as to some requirement, "vague, indefinite or inaccurate . . . ." *Salemme* v. *Seymour*, supra, 262 Conn. 794. The notice in this case fits the language of *Salemme*. Although the disputed element in *Salemme* was the location of the defect rather than the description of the injury, the reasoning applies with at least equal force to the description of the injury element. It is critical for the municipality to be able to locate the claimed defect for the purpose of prompt investigation, as otherwise evidence could disappear. Immediate investigation is less critical—though perhaps still useful—with respect to claimed injuries because medical records presumably will exist and injuries frequently evolve in any event.

[7] The notice in *Martin* stated only that she "was injured after she tripped . . . ." (Internal quotation marks omitted.) *Martin* v. *Plainville*, supra, 240 Conn. 107.

[8] This is not to say, of course, that a court *must* reconsider a decision, where a motion to reconsider is really only requesting a second bite at the apple.

[9] *Salemme*, which postdated *Martin*, may have had the effect of broadening somewhat the field of shortcomings subject to amelioration by the savings clause of § 13a-149.

[10] The defendant additionally argues that the court impermissibly modified its decision granting the first motion to dismiss and that the court should have scheduled the motion to reargue for oral argument. First, we conclude that it was proper for the court to vacate its prior order after reconsidering the motion to dismiss. Second, Practice Book § 11-18 states that oral argument may be held at the discretion of the court, with exceptions not relevant here. We conclude that it was within the trial court's discretion not to hold oral argument on the plaintiff's motion to reargue.

The defendant also urges us to take into consideration case law arising under General Statutes § 13a-144, which governs the state's liability for injuries resulting from highway defects. We decline to do so, other than to echo our Supreme Court: "[Section] 13a-149 is liberally construed, particularly when compared to . . . § 13a-144, the companion statute providing

for liability as a result of defects on state highways. The state highway notice requirement must be strictly construed since § 13a-144, unlike § 13a-149, does not contain a saving clause. A necessary corollary to this is that the municipal highway notice requirement should be liberally construed since it, unlike § 13a-144, does contain a saving clause. . . . Accordingly, we note that courts called upon to construe these statutes should be aware of this analytical dichotomy, and recognize the limited precedential value of a § 13a-144 case in the § 13a-149 context, and vice versa." (Citations omitted; internal quotation marks omitted.) *Salemme* v. *Seymour*, supra, 262 Conn. 796. We also note that § 13a-144 constitutes an exception to sovereign immunity. Municipalities generally enjoy a more limited scope of immunity.

[11] In order to recover damages pursuant to § 13a-149, a person must prove that the defect was the sole proximate cause of the injury. See *Nikides* v. *Wethersfield*, 148 Conn. App. 186, 191–92, 84 A.3d 486, cert. denied, 311 Conn. 939, 89 A.3d 350 (2014). Thus, in this case, if the jury had found that the plaintiff's method of ambulation was a proximate cause of her injury, then she could not recover damages.